**John Julian WILD, M.D., Ph.D.,** Appellant,

v.

**ST. PAUL COMPANIES, INC., a corporation and its principal subsidiaries, St. Paul Fire & Marine Insurance Company and St. Paul Mercury Insurance Company, Ronald M. Hubbs, Carl B. Drake, Jr., Robert J. Sheran, James C. Otis, Oscar R. Knutson, Wendell R. Anderson, Jack Davies, Gerald R. Dillon, Richard E. Klein, and Minneapolis Star and Tribune Company, a Delaware corporation, Appellees.**

No. 79–1508.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 21, 1979.

Decided Nov. 29, 1979.

· James Malcolm Williams, Minneapolis, Minn., for appellant.

Warren R. Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., and Leroy C. Paddock, Sp. Asst. Atty. Gen., St. Paul, Minn., filed brief for appellees, Robert J. Sheran, James C. Otis, Oscar R. Knutson, Wendell R. Anderson, Jack Davies, Gerald R. Dillon and Richard E. Klein.

James M. Samples and John P. Borger, Minneapolis, Minn., filed brief for appellee, Minneapolis Star and Tribune Co.

Thomas P. Kane and Paul R. Hannah, St. Paul, Minn., filed brief for appellees, St. Paul Companies, St. Paul Fire and Marine Ins. Co., St. Paul Mercury Ins. Co., Ronald M. Hubbs and Carl B. Drake, Jr.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

LAY, Circuit Judge.

John Julian Wild appeals from an order dismissing his civil rights complaint against multiple defendants; Wild also appeals the grant of summary judgment entered in the same action in favor of the Minneapolis Star and Tribune.

In 1972 a jury awarded Wild over $16,-000,000 in an action for defamation and breach of contract against the Minnesota Foundation and the Amherst H. Wilder Foundation. The foundations appealed to the Minnesota Supreme Court. Pursuant to Minn.Stat.Ann. § 2.724(2), all of the supreme court justices recused themselves from consideration of the appeal because of possible conflicts of interest, and appointed a panel of district court judges to hear the appeal. The panel reversed the jury verdict and remanded for a new trial. *See Wild v. Rarig*, 302 Minn. 419, 234 N.W.2d 775 (1975), *appeal dismissed*, 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976). Wild then filed a series of complaints with Minnesota officials. He also filed a criminal action in Hennepin County District Court against Minnesota Supreme Court Justice James C. Otis which was dismissed. A second criminal complaint filed by Wild against several Minnesota Supreme Court Justices and other state officials was also dismissed. *See State ex rel. Wild v. Otis*, Minn., 257 N.W.2d 361 (1977), *appeal dismissed*, 434 U.S. 1003, 98 S.Ct. 707, 54 L.Ed.2d 746 (1978).

Wild commenced this pro se civil rights suit pursuant to 42 U.S.C. §§ 1983 and 1985 in June of 1978. In Count I of his original complaint, Wild alleged that the St. Paul Companies, Inc. and its subsidiaries (the insurance companies) conspired with the rest of the defendants to deprive him of his constitutional rights by fraudulently and criminally: (1) Bringing about the passage

of Minn.Stat.Ann. § 2.724(2) in March of 1973 so as to insure reversal of Wild's judgment against the foundations; (2) preventing the repeal of the bill; (3) bringing about the appointment of Justice Sheran, a former member of a firm which allegedly represents the insurance company defendants in medical malpractice cases, in order to insure the reversal of the judgment; (4) placing "friendly" district court judges on the special supreme court panel; (5) manipulating news coverage of the Wild judgment; and (6) controlling the Minnesota Commission on Judicial Standards. Wild alleged that the ultimate goal of the conspiracy was to obtain private control of the entire judicial branch of the State of Minnesota in order to insure favorable treatment of the defendant insurance companies. He contends that the St. Paul Companies, Inc. and its subsidiaries control the Minnesota state judiciary, the United States District Court for the District of Minnesota, the Eighth Circuit Court of Appeals, and Mr. Chief Justice Warren Burger. In Count II of his complaint Wild sought either the appointment of a special prosecutor, or appointment of himself as prosecutor, to prosecute defendants for violations of 18 U.S.C. § 241.

In August of 1978, the Minneapolis Star and Tribune filed a motion for summary judgment, and the other defendants moved for dismissal. On January 4, 1979, Wild requested a six month extension of time which was denied. He was allowed to amend his complaint on January 31 to allege class-based animus; the court refused, however, to consider a late affidavit filed on February 6. The district court, Judge Donald D. Alsop, presiding, issued its order dismissing with prejudice and granting summary judgment in favor of the defendants on March 19, 1979. Wild then filed an affidavit of prejudice against Judge Alsop, and by motions dated March 27, 1979, sought his recusal, an order setting aside his March 19 order, and a waiver allowing Wild to obtain Judge Alsop's FBI file. These motions were denied on May 16, and Wild, represented by counsel, filed this appeal.

Wild argues that the following acts denied him equal protection of the laws: (1) Judge Alsop's refusal to recuse himself; (2) the order entered January 24 staying discovery until 30 days following the decision on the motions for dismissal and summary judgment; (3) the court's refusal to consider his late affidavit; (4) the order granting summary judgment and dismissing his suit with prejudice; and (5) the court's refusal to direct criminal prosecution.

The defendants have filed a motion to dismiss the appeal as not being timely filed. Because we construe Wild's pro se motion to reconsider the judgment as a motion filed under Fed.R.Civ.P. 59(e), we find that it was sufficient to toll the time for filing a notice of appeal. The motion for lack of jurisdiction will therefore be denied.

We have considered appellant's grounds of error and find no error of law in Judge Alsop's rulings, including his memorandum and order refusing to recuse himself. The judgment of dismissal is affirmed on the basis of the district court's opinion. The summary judgment granted the Minneapolis Star and Tribune is likewise affirmed for the reasons set forth in Judge Alsop's opinion. See 8th Cir. Rule 14.

The judgment is affirmed.