Jesus Hernandez FLORES,
Petitioner-Appellant,

v.

Raymond K. PROCUNIER, Director,
Texas Department of Corrections,
Respondent-Appellee.

No. 83–1336.

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1984.

Lucien B. Campbell, Federal Public Defender, P. Joseph Brake, Asst. Federal Public Defender, San Antonio, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., James O. Kopp, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, RANDALL and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The issue presented is whether, after a district judge has once denied a certificate of probable cause in a habeas case and this court has also denied such a certificate, the district court has the authority, after the time within which motions to reconsider might be filed, to entertain a motion for and to grant the certificate. We hold that he lacks jurisdiction and dismiss the appeal.

Jesus Hernandez Flores is serving a life sentence for aggravated armed robbery enhanced by two prior convictions. His appeal is before this court for a second time. After Flores first filed his notice of appeal, the district court denied the certificate of probable cause. This court also denied the certificate. Three months later Flores applied to the district court for reconsideration of his request. This time the district court granted the certificate albeit apparently applying the standard for determining whether an appeal should be allowed in forma pauperis, a different question.

A district court's denial of a certificate of probable cause is a final and appealable post judgment order. Such an order concludes the case: a party denied the certificate cannot appeal the district court's denial of the writ of habeas corpus,[1] although he may seek a certificate from the court of appeals.[2] A "motion for reconsideration" is treated as a motion to alter or amend the judgment.[3] Thus, Flores' "Motion for Reconsideration of Denial of Certificate of Probable Cause," addressed to the district court, constitutes "a motion to alter or amend the judgment" which, as Federal Rule of Civil Procedure 59(e) pre-scribes, must be "served not later than 10 days after entry of the judgment."

Flores did not serve his motion to reconsider within ten days of entry of the district court's judgment denying him a certificate of probable cause. Indeed, five months elapsed before he did so.

The time limit fixed by Rule 59(e) is jurisdictional: it may not be extended by waiver of the parties or by rule of the district court. The mover's failure to serve the motion within the ten day limit deprives the district court of jurisdiction to alter or reconsider its earlier judgment.[4]

Even if we could treat Flores' motion to reconsider as a Rule 60 motion for relief from judgment or order (for which there is no ten day time limit), Flores can show none of the grounds necessary to grant such a motion: mistake, surprise, excusable neglect; newly discovered evidence which by due diligence could not have been discovered earlier; misrepresentation; or any other reason justifying relief from the operation of the judgment.[5]

For these reasons, the appeal is DISMISSED.

---

1. *See* 9 Moore's Federal Practice ¶ 110.14[1] at 197 and cases cited therein; 28 U.S.C. § 2253.

2. 28 U.S.C. § 2253.

3. *Weiss Lithograph Co. v. Illinois Adhesive Products,* 705 F.2d 249 (7th Cir.1983); *Wild v. St. Paul Companies, Inc.,* 612 F.2d 341 (8th Cir.1979).

4. Federal Rule of Civil Procedure 6(b); *Gribble v. Harris,* 625 F.2d 1173 (5th Cir.1980); *Martin v. Wainwright,* 469 F.2d 1072 (5th Cir.1972), *rehearing denied* (1973); *Albers v. Gant,* 435 F.2d 146 (5th Cir.1970); *McCarthy v. Manson,* 554 F.Supp. 1275, 1284 n. 9 (D.Conn.1982), *aff'd* 714 F.2d 234 (2d Cir.1983); *White v. New Hampshire Dept. of Employment Security,* 629 F.2d 697 (1st Cir.1980), *reversed on other grounds,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1980) (proscription against enlargement of time for serving motions under rule 59 is mandatory and jurisdictional, and thus failure of defendant to raise in trial court issue of timeliness of such post-judgment motion did not preclude it from doing so on appeal).

5. See Fed.R.Civ.P. 60(b).