United States Court of Appeals,

Fifth Circuit.

No. 93-5236.

Summary Calendar.

Thomas VINCENT, Plaintiff-Appellee,

v.

CONSOLIDATED OPERATING COMPANY

and

Mission Insurance Company, Defendants-Appellants.

March 31, 1994.

Appeal from the United States District Court for the Western District of Louisiana.

Before WISDOM, KING, and GARWOOD, Circuit Judges.

PER CURIAM.

Defendants Consolidated Operating Co. ("Consolidated") and Mission Insurance Co. ("Mission") appeal from the entry of summary judgment against them. The district court held that the defendants had violated a valid order under the Longshore and Harbor Workers' Compensation Act ("LHWCA") ordering them to pay compensation to plaintiff/appellee Thomas Vincent. We AFFIRM.

I.

Vincent was injured three times while in Consolidated's employ, once in December 1985, again in February 1986, and again in March 1986. Vincent sought compensation for his injuries under the LHWCA.[1] The parties stipulated that Vincent was temporarily

---

[1] 33 U.S.C. §§ 901-950.

1

totally disabled as a result of his injuries. On October 7, 1987, Administrative Law Judge Parlin McKenna of the U.S. Department of Labor ordered the defendants to pay Vincent compensation benefits of $330 a week. The defendants did not appeal ALJ McKenna's order.

The defendants paid the compensation required under the 1987 order until January 14, 1992, when they abruptly stopped paying. The defendants based their termination of benefits on an evaluation of Vincent by one of their own physicians, who determined that Vincent was no longer disabled. Vincent had not been evaluated by his own physician before the defendants terminated his compensation. The defendants sought no modification of ALJ McKenna's compensation order before terminating Vincent's benefits. In June 1992, five months after unilaterally terminating Vincent's compensation, the defendants sought a modification of ALJ McKenna's 1987 compensation order. A claims examiner (1) rejected the defendants' request as premature, (2) held that the defendants were in default of the 1987 compensation order, and (3) ordered reinstatement of Vincent's benefits from the termination date plus a twenty percent penalty.

The defendants failed to comply with the reinstatement order and continued to refuse payment of the compensation awarded Vincent under ALJ McKenna's 1987 order. On July 29, 1992, Vincent filed a suit in the federal district court under 33 U.S.C. § 921(d) to enforce the 1987 order.[2]

_____

[2]This statute provides, in pertinent part:

> If an employer ... fails to comply with a compensation

The Department of Labor issued a Supplemental Compensation Order on November 12, 1992, declaring that the defendants had defaulted in their payment obligations under the 1987 order and ordering them to pay additional compensation as provided by 33 U.S.C. § 918(a). Vincent filed a copy of the Department's November 12 order in the district court, and on December 21, 1992, Vincent moved for summary judgment. The defendants responded by filing a motion to dismiss or stay the lawsuit pending resolution by the Department of Labor of their request to modify the 1987 compensation order. The district court denied the defendants' motion, and on April 26, 1993, granted Vincent's motion for summary judgment. The defendants moved for a new trial. Their motion was served on May 7 and filed with the district court on May 10, 1993. On July 29, 1993, the district court denied their motion as untimely, but also held in the alternative that the defendants' motion should be denied on the merits. The defendants appealed to this Court on August 27, 1993.

We review a summary judgment *de novo* using the same standard applied by the district court. The burden is on the movant, Vincent in this case, to show that there is no genuine dispute over

order making an award, that has become final, any
beneficiary of such award ... may apply for the
enforcement of the order.... If the court determines
that the order was made and served in accordance with
law, and that such employer or his officers or agents
have failed to comply therewith, the court shall
enforce obedience to the order [by the methods
enumerated].

33 U.S.C. § 921(d).

3

any material fact and that the movant is entitled to judgment as a matter of law.[3]

## II.

*A. Jurisdiction of the Court of Appeals*

We pause briefly to address the matter of our own jurisdiction to decide this case.  Although neither party has raised the issue, we must do so *sua sponte* if we perceive any possible defect in our jurisdiction.[4]  The parties may not waive any defects in appellate jurisdiction.[5]

The district court held that the defendants had not timely filed their motion for new trial under Fed.R.Civ.P. 59(e), but proceeded to the merits of the defendants' motion in the stated interest of providing a complete record.[6]  An untimely Rule 59(e) motion does not toll the running of the thirty-day clock to appeal to this Court, and thus the defendants' August 27, 1993 notice of appeal was untimely if the district court was correct.  The district court is powerless to rule on an untimely Rule 59(e)

---

[3]*See* Fed.R.Civ.P. 56.

[4]*Pemberton v. State Farm Mut. Auto. Ins. Co.,* 996 F.2d 789, 791 (5th Cir.1993).

[5]*Id.* at 791 n. 1.

[6]"While plaintiff is absolutely correct that the Motion for New Trial was not timely filed, defendants raise the specter of improper consideration and analysis by this Court, arguments which this Court addresses simply to ensure that the record in this matter is absolutely clear".  Memorandum Ruling, July 30, 1993, Appellant's Record Excerpts tab 5, at 130.

motion.[7]

Our review of the record has persuaded us that the district court erred in holding that the defendants' motion for new trial was untimely. The docket lists the entry date of the district court's judgment as April 28, 1993, a Wednesday.[8] The defendants served their motion for new trial by mail on May 7, 1993, a Friday.[9] Nine calendar days elapsed between the entry of judgment and the service[10] of the defendants' motion for new trial; seven days after we exclude the intervening weekend.[11] Therefore, the motion was served within the ten days required by Rule 59, and tolled the commencement of the thirty-day clock to appeal to this Court until the district court ruled on the motion. The district court denied the defendants' motion for new trial on July 30, 1993; the denial was entered on the docket on August 2. The defendants'

---

[7]*Flores v. Procunier,* 745 F.2d 338, 339 (5th Cir.1984), *cert. denied,* 470 U.S. 1086, 105 S.Ct. 1851, 85 L.Ed.2d 148 (1985).

[8]The district court signed the judgment two days earlier, on April 26, and it was filed on that date. The timing of posttrial motions, however, turns on the date the judgment was *entered* on the docket, which in this case was April 28. *See Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989).

[9]Rec. 123. Service by mail is complete upon mailing. Fed.R.Civ.P. 5(b).

[10]A Rule 59 motion is timely if *served* within ten days of the entry of judgment; it need not be *filed* within that time. Fed.R.Civ.P. 59(b). An amendment to the Federal Rules of Civil Procedure has been proposed, but not adopted, to require *filing* within ten days. *See* 150 F.R.D. 398-99.

[11]We exclude weekends and holidays from the calculation when determining whether a Rule 59(e) motion was served within ten days of the judgment. Fed.R.Civ.P. 6(a); *see Richardson v. Oldham,* 12 F.3d 1373, 1377 n. 9 (5th Cir.1994).

notice of appeal was filed twenty-five days later on August 27, 1993, and was therefore timely. We have jurisdiction to decide this case.

*B. Jurisdiction of the District Court*

The defendants first allege that the district court lacked jurisdiction to entertain the plaintiff's lawsuit while the defendants' request to modify the 1987 compensation order was still pending in the Department of Labor. The defendants cite no authority for their position, and the statutory scheme is against them. The scope of the district court's inquiry under § 921(d) is limited to answering two questions: first, was the compensation order made and served in accordance with law, and second, has the employer failed to comply with it? If the answers are "yes" to both questions, the statute requires the district court to enforce the order. Nothing in the LHWCA suggests that the district court is powerless to carry out the statute's command while the defendants attempt another attack on the order in the Department of Labor.

*C. Denial of Motion to Dismiss or Stay and the Defendants' Due*
   *Process Challenge*

We will consider the defendants' last two arguments together because they are simply the same challenge phrased in two different ways. The defendants contend that, even if the district court had jurisdiction to entertain the plaintiff's claim, the court erred in denying their motion to dismiss or stay the lawsuit pending resolution of their challenge in the Department of Labor. They further argue that they face a deprivation of due process if their

challenge in the Department of Labor ultimately prevails, for the reason that they will be unable to recover payments made but not owed to Vincent.[12] They cite no pertinent authority for either position. Their reliance on an out-of-context quotation from *In re Compensation Under the Longshore and Harbor Workers' Compensation Act*[13] is misplaced, for that case merely mentioned that the Benefits Review Board had the power to stay a compensation award when the employer would otherwise be irreparably injured. We did not hold in that case that a stay is required in all such cases, and even if we had, the defendants here have not even attempted to show that they will be irreparably harmed by being held to the terms of the 1987 order.

The complete absence of cases supporting the defendants' position is easily explained. The defendants have crafted a convoluted argument to try to escape from a simple problem. The LHWCA provides a mechanism for challenging an award of compensation with which the defendants here failed to comply. Consolidated may not unilaterally decide that Vincent is no longer entitled to compensation; only the Department of Labor may do that. We reject the defendants' argument that their belated invocation of the

---

[12]When an employer successfully challenges an award of compensation under the LHWCA, the employer's sole remedy is to deduct the amount of the past overpayment from *future* payments to the injured employee. The employer may not sue the employee to recover the past overpayments directly. 33 U.S.C. §§ 908(j)(3), 922; *Ceres Gulf v. Cooper,* 957 F.2d 1199, 1205-07 (5th Cir.1992).

[13]889 F.2d 626 (5th Cir.1989), *cert. denied,* 494 U.S. 1082, 110 S.Ct. 1813, 108 L.Ed.2d 944 (1990).

7

proper LHWCA procedure immunizes them from liability to Vincent for the compensation they wrongfully withheld from him.

As discussed above, the LHWCA does not obligate the district court to refrain from enforcing a compensation order merely because the employer has belatedly challenged it in the Department of Labor. Therefore, the district court did not err in refusing to stay or dismiss the case.

The defendants' due process argument is as readily rejected. A denial of due process cannot result when the defendants simply refuse to follow the process provided in the LHWCA. The LHWCA provides the employer with a meaningful opportunity to be heard during the administrative process.[14] The employer can request a pre-deprivation hearing before an administrative law judge, and can have the ALJ's compensation order reviewed by the Benefits Review Board and then by this Court.[15] The defendants did not follow these procedures in January 1992; rather, they took it upon themselves to decide that they were no longer bound by the valid 1987 compensation order. They cannot now be heard to argue that their own failure to follow the LHWCA constitutes a deprivation of due process.

We AFFIRM the judgment of the district court.

### III.

We turn last to Vincent's request for attorneys' fees.

___

[14]*Bunol v. George Engine Co.*, 996 F.2d 67, 69 (5th Cir.1993).

[15]*In re Compensation*, 889 F.2d at 631-32.

8

Vincent's brief requested an award of "not less than $5,000" in attorneys' fees.

Because the defendants denied their liability but lost this appeal, they are liable to Vincent for the attorneys' fees he incurred in defending this appeal.[16]  We cannot pass on Vincent's request now, however, because it does not supply us with the information required in this Circuit for a LHWCA attorneys' fee request.  Vincent must provide us with an itemized attorneys' fee application from which we can discern "the hours worked, the reasonable hourly rate for each attorney involved, the size of the recovery, the quality of the work and the complexity of the issues involved".[17]  The application may only include costs Vincent incurred defending this appeal;  he must separately apply to the district court for an award of attorneys' fees incurred at that level.[18]

As we have done in the past, we will allow Vincent 20 days from the entry of this judgment to submit a revised application for attorneys' fees.[19]  The defendants/appellants may file a responsive brief and affidavits, if they wish, within 20 days after the date

---

[16]33 U.S.C. § 928.

[17]*Ayers S.S. Co. v. Bryant,* 544 F.2d 812, 814 (5th Cir.1977).

[18]"The statute, in our view, intends each body—the hearing examiner, the Board, and the reviewing court—separately to assess the worth of the claimant's representation before it.  Hence we, will only award fees for the work of counsel which was directly related to our review".  *Id.*

[19]*See id.;  Hole v. Miami Shipyards Corp.,* 640 F.2d 769, 774 (5th Cir. Unit B Mar. 1981).

Vincent files his application.

It is SO ORDERED.