## UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 95-30444

(Summary Calendar)
_____

MILTON ROBERTS,

Plaintiff-Appellant,

versus

CHARLES C. FOTI, JR, Sheriff;
MEDICAL STAFF,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(CA 94 2153 D)
_____

September 20, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Milton Roberts appeals the order of the district court denying his motion for out-of-time appeal. We affirm.

I

Roberts, a Louisiana prisoner, suffered injuries during a prison yard basketball game. Proceeding *pro se* and *in forma pauperis*, Roberts filed a civil rights action, pursuant to 42

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

U.S.C. § 1983, against Defendant Sheriff Charles C. Foti. Roberts subsequently failed to respond to the magistrate's order to file a statement of facts and list of witnesses, failed to respond to a court order to show cause why his case should not be dismissed for failure to prosecute, and failed to object to the magistrate's findings and recommendations. The district court dismissed Roberts' complaint with prejudice for failure to prosecute and entered judgment for Foti.

Roberts did not file a notice of appeal within thirty days after entry of the district court's judgment. Forty-three days after judgment, Roberts filed a "Request for Out-of-Time Appeal," alleging that prison personnel had misplaced Roberts' timely mailed statement of facts. The district court denied the motion the next day. Fifty-four days after entry of judgment, Roberts filed a second request for out-of-time appeal, alleging that he had received neither the order to show cause nor the magistrate's findings and recommendations. After an evidentiary hearing, the district court also denied this second motion. Eleven days after entry of the order denying the second motion, Roberts filed a notice of appeal.

II

Compliance with the requirements for timely filing a notice of appeal is a prerequisite to the exercise of appellate jurisdiction. *Meggett v. Wainwright*, 642 F.2d 95, 96 (5th Cir. 1981). A notice of appeal from a final judgment or order must be filed within thirty days after entry of the judgment or order appealed from.

-2-

FED. R. APP. P. 4(a)(1). Upon a showing of excusable neglect, the district court may extend the time for filing a notice of appeal by granting a motion to excuse delay filed within sixty days after entry of the judgment or order appealed from. FED. R. APP. P. 4(a)(5). In this case, the orders denying both of Roberts' motions, construed as Rule 4(a)(5) motions to excuse delay, were appealable upon timely filing of a notice of appeal. However, Roberts' notice of appeal was filed eighty-four days after the denial of his first motion. Thus, the only matter before this Court is the district court's denial of Roberts' second motion.[1]

Roberts filed his second motion after the expiration of the thirty-day period for filing notice of appeal of the dismissal of his complaint, but within the sixty-day period for filing a motion to excuse delay. Attempting to demonstrate excusable neglect, Roberts alleged that prison personnel purposely withheld from him the court's order to show cause and the magistrate's findings and conclusions. After holding an evidentiary hearing via telephone conference call, the magistrate found Roberts' claims not to be credible. Roberts offered no evidence that prison personnel were intercepting his mail, and he stated that he had indeed received the magistrate's findings and conclusions. Roberts also stated that he mailed a timely notice of appeal shortly after receiving notice of the judgment, contrary to the record and inconsistent

---

[1] A district court's denial of a motion to excuse delay is reviewable for abuse of discretion. *Allied Steel v. City of Abilene*, 909 F.2d 139, 142 (5th Cir. 1990).

with his two subsequent motions (to file an untimely appeal). Thus, Roberts presented no credible evidence explaining why he did not file a timely notice of appeal of the dismissal of his complaint. On these facts, Roberts made no showing of excusable neglect. Accordingly, we hold that the district court did not abuse its discretion in denying Roberts' second motion for out-of-time appeal.[2]

### III

For the foregoing reasons, we AFFIRM the order of the district court denying Roberts' motion for out-of-time appeal.

---

[2] The allegations in Roberts' second motion attack the grounds for the district court's denial of his first motion. Thus, Roberts' second motion could also be construed as a motion for relief from the district court's order denying his first motion. FED. R. CIV. P. 60(b). *See Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993) (construing "motion to set aside order of dismissal," which attacked grounds for denial of earlier motion, as Rule 60(b) motion for relief from an order). Since a district court's denial of a motion for relief from an order is also reviewable only for abuse of discretion, *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981), characterization of Roberts' motion as a Rule 60(b) motion for relief from an order would not affect our holding.