United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-11305
Summary Calendar

---

RICHARD JOHNSON,

Plaintiff-Appellant,

versus

BELINDA PARKS, Case Manager II; J. RODRIGUEZ, FSM II; C.A.
MORRISON, FSM II; C. MORENO, FSM II; A. LUNA, JR., FSM II; TONY
LOZADA, FSM II; BOBBY D. LEE, FSM II; B.W. HOGGE, FSM II; A.
GARCIA, FSM II; JOHN DOE, Smith Unit Law Library Supervisor;
STATE CLASSIFICATION COMMITTEE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-24
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Richard Johnson, Texas prisoner # 1005689, appeals the

dismissal of his civil rights lawsuit pursuant to FED. R. CIV.

P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).  He has not

challenged the district court's dismissal of Johnson's claims

against various defendants for failing to exhaust his

administrative remedies, the denial of Johnson's motion to add a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

coplaintiff, the denial of Johnson's implicit request to add D. Stump as a codefendant, or the conclusion that Johnson failed to state a claim against defendant Belinda Parks.  These claims are therefore abandoned.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Johnson's contention that he was not properly served with defendant Parks's motion to dismiss is without merit.  See FED. R. CIV. P. 5(b)(2)(B); Vincent v. Consolidated Operating Co., 17 F.3d 782, 785 n.9 (5th Cir. 1994).  Although some of the defendants did not move for dismissal, the district court was authorized under § 1915(e)(2) to dismiss the complaint "at any time" if Johnson failed to state a claim upon which relief could be granted.  Johnson contends that the district court should have sanctioned the defendants for failing to comply with a court order, he does not explain what sanction should have been made.

Johnson contends that the district court erred in ruling on his motion to amend his complaint.  He had already amended his complaint through a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  Johnson has not established that the district court erred in denying Johnson's request to add allegations relating to an incident in November 2003.  See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Graves v. Hampton, 1 F.3d 315, 318-19 (5th Cir. 1993), abrogated on other grounds by Arvie v. Broussard, 42 F.3d 249, 251 (5th Cir. 1994).

Johnson also maintains that he alleged a due process claim relating to his restricted custody status.  He has not established that the change in status constituted an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" that would give rise to protection under the Due Process Clause.  Sandin v. Conner, 515 U.S. 472, 484 (1995); Malchi v. Thaler, 211 F.3d 953, 958-59 (5th Cir. 2000).

Johnson thus has not established that the district court erred in dismissing his civil rights complaint for failure to state a claim upon which relief can be granted.  See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).  Consequently, the judgment of the district court is AFFIRMED.