# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 17-11274

December 10, 2018

Lyle W. Cayce
Clerk

WILLIAM MAULDIN, Individually and As Representative of The Estate of Pauline Gibson, Deceased,

Plaintiff - Appellant

v.

ALLSTATE INSURANCE COMPANY; MAYELLA GONZALES; THERESA HERNANDEZ,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
No. 4:17-CV-641

Before HIGGINBOTHAM, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

In this appeal we consider whether the district court had diversity jurisdiction over Appellant William Mauldin's ("Mauldin") state law insurance claims. Concluding that the district court's denial of Mauldin's motion to remand was proper, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11274

I.

The underlying dispute arises from the alleged underpayment of insurance claims by Allstate Property and Casualty Insurance Company ("Allstate"). Mauldin filed his original petition in Texas state court individually and as the representative of the estate of his grandmother, Pauline Gibson. Mauldin alleges that the home he resided in with Gibson was damaged, causing personal property and real estate damage. Mauldin claims that Allstate failed to properly investigate the claim and eventually underpaid the claim. In addition to Allstate, Mauldin named two individual defendants: Mayella Gonzalez and Theresa Hernandez.[1]

Before answering the complaint in state court, Allstate timely filed its notice of removal in the Northern District of Texas pursuant to 28 U.S.C. §§ 1441 and 1446. In that notice of removal, Allstate claimed that there was diversity of citizenship between Mauldin and defendants Allstate and Hernandez. With respect to Gonzalez, Allstate acknowledged that she was a citizen of Texas, but argued that she had been fraudulently joined as a defendant. Shortly thereafter, Mauldin filed an opposed motion to remand, asserting that Allstate failed to establish diversity of citizenship and the amount in controversy and identifying several purported procedural deficiencies with Allstate's notice of removal. The district court denied the motion and dismissed Mauldin's claims against Gonzalez. In the order dismissing Gonzalez, the district court stated explicitly: "The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Gonzalez." It concurrently entered a separate final judgment as to Gonzalez, dismissing the

---

[1] The state court petition does not contain any specific factual allegations about the individual defendants' conduct or explain their relationship to Mauldin or Allstate.

2

No. 17-11274

claims against her without prejudice. Two weeks later, the court granted Allstate's motion to transfer venue, transferring the action to the Western District of Oklahoma. This appeal followed.

## II.

Before turning to the merits of Mauldin's argument, we must first determine whether we have jurisdiction to hear this appeal. First, Allstate contends that we lack subject matter jurisdiction because an order denying a motion to remand is not a final order that is immediately appealable. As a general rule, we have jurisdiction over "appeals from all final decisions of the district courts" located within our circuit.[2] A final decision is generally one "which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[3] Following from that, "[a]n order denying a motion to remand, 'standing alone,' is 'obviously . . . not final and immediately appealable' as of right."[4] However, we have recognized an exception to that general rule where an order denying a motion to remand is accompanied by a final judgment characterized by the district court as final and appealable under 54(b) of the Federal Rules of Civil Procedure.[5]

Allstate attempts to distinguish this case, arguing that the order dismissing Gonzalez does not specifically cite to Rule 54(b) or state that the order is appealable. Further, Allstate suggests that Mauldin's focus in his briefing on appeal is not the final order dismissing Gonzalez, but rather the

---

[2] 28 U.S.C. § 1291.

[3] *Catlin v. United States*, 324 U.S. 229, 233 (1945).

[4] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (quoting *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578 (1954) (internal alterations omitted)).

[5] *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. Unit A 1981) ("In this case however, the trial court did more than merely rule upon the plaintiff's motion for remand. The court actually proceeded to enter judgment in favor of the four Texas defendants; judgments which the trial court expressly characterized as being final and appealable for the purposes of Rule 54(b) of the Federal Rules of Civil Procedure.")

order denying the motion to remand. We find those distinctions unavailing. As a preliminary matter, when determining whether the district court entered a final order, "[w]e have . . . cautioned that '[t]he intention of the judge is crucial in determining finality.'"[6] In dismissing Gonzalez and directing the entry of final judgment, the district judge here quoted straight from Rule 54(b): "The court determines that there is *no just reason for delay* in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Gonzalez." The record reflects the intent of the district court to enter a Rule 54(b) final order. Although Allstate is correct that Mauldin spends most of his energy on appeal rehashing the same arguments made below in his motion to remand, that does not somehow cause him to forfeit his right to appeal given the district court's entry of final judgment; we have jurisdiction to review the order denying the motion to remand by virtue of the final judgment entered alongside it.[7]

One additional jurisdictional question bears mention. Although not raised by either party, because it is our duty to police the limits of our own jurisdiction *sua sponte*,[8] we turn briefly to the question of whether the district court's subsequent order transferring the case to the Western District of Oklahoma divested us of jurisdiction to consider this appeal. Under 28 U.S.C. § 1294(1) an appeal can be taken only by the "court of appeals for the circuit

---

[6] *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 350 (5th Cir. 2004) (quoting *Vaughn v. Mobil Oil Expl. & Producing S.E., Inc.*, 891 F.2d 1195, 1197 (5th Cir. 1990)).

[7] *See Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994) ("Further, the denial of the motion to remand and the granting of the partial summary judgment were inextricably linked. Both grew out of the same round of motions and briefing, both relied on the same evidentiary showing, both are found in the same judgment and amended judgment, and both turned on the district court's conclusion that no claim existed against the non-diverse defendants. In such circumstances we have held that we can review on appeal the denial of the motion to remand along with the grant of the final partial judgment.").

[8] *Vincent v. Consol. Operating Co.*, 17 F.3d 782, 785 (5th Cir. 1994) ("We pause briefly to address the matter of our own jurisdiction in this case. Although neither party has raised the issue, we must do so *sua sponte* if we perceive any possible defect in our jurisdiction.").

embracing the district."[9] Therefore as a general rule, when a case is transferred to another circuit, it is removed from our jurisdiction.[10] The question becomes whether "the appellate court in the transferor circuit *retains* jurisdiction over an immediately appealable decision of its district court following a § 1404(a) transfer, at least during the time period allowed for the filing of such an appeal."[11] In other words, having found that the district court's order denying the motion to remand and dismissing Gonzalez is immediately appealable, do we lose jurisdiction to consider that appeal because of the subsequent transfer to an out-of-circuit district court. We now hold that we do not, persuaded by several sister circuits' decisions holding that "an otherwise appealable order remains appealable even if a transfer is ordered at a later time."[12] As those courts have recognized, it would make little sense to strip the transferor circuit of jurisdiction because the plain language of § 1294 prevents the transferee circuit court from reviewing a decision made by a district court in the transferor circuit, meaning that without the right to appeal in the transferor circuit, the appealing party would have no opportunity to pursue its appeal.[13] Because the Tenth Circuit has no jurisdiction to review a decision by the Northern District of Texas, we hold that we retain jurisdiction over the

---

[9] 28 U.S.C. § 1294(1).

[10] *In re Red Barn Motors, Inc.*, 794 F.3d 481, 484 (5th Cir. 2015) (citing *In re Sw. Mobile Homes, Inc.*, 317 F.2d 65, 66 (5th Cir. 1963)).

[11] *TechnoSteel, LLC v. Beers Const. Co.*, 271 F.3d 151, 155 (4th Cir. 2001).

[12] *Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002) (citing *TechnoSteel*, 271 F.3d at 153 ("The district court's decision denying the petition to compel arbitration, which is immediately appealable under 9 U.S.C.A. § 16, is subject to review in our circuit notwithstanding the concurrent § 1404(a) transfer of the balance of the action, rendering the fact that the transfer was complete before the appeal was actually filed irrelevant.")); *see also Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1129–30 (9th Cir. 2012) (finding that the district court's transfer to an out-of-circuit district court did not strip the court of jurisdiction over an immediately appealable decision of a district court within its circuit.).

[13] *Terenkian*, 694 F.3d at 1130.

No. 17-11274

immediately appealable order denying the motion to remand and dismissing Gonzalez from the suit.

III.

Having determined we have jurisdiction, we turn to the merits of Mauldin's appeal, which essentially rehashes his motion to remand rejected below. Mauldin contends that Allstate's removal filing was procedurally deficient for failing to file all state court documents, improperly filing "a veritable 'flurry' of extraneous documents," and failing to join all state court defendants in the removal filing or otherwise obtain their consent. Mauldin then turns to his substantive arguments, asserting that Allstate failed to establish diversity or the amount in controversy. His complaints can be disposed of swiftly.

The statute governing removal requires that the removing party file a notice of removal stating the grounds for removal, together with a copy of "all process, pleadings, and orders served upon such defendant . . . in such action."[14] Mauldin points to three "citation documents" and a "civil case information sheet" which he suggests were not filed, as well as the improper filing of unidentified extraneous documents. While Allstate responds to each claim in its brief, Mauldin's argument fails for the simple reason that the complained-of procedural defects (assuming they exist) are not jurisdictional and do not require remand.[15] Next we turn to Mauldin's complaint that only one defendant joined in the notice of removal and Allstate has not submitted proof of the non-removing defendants' consent. The removal statute requires that all defendants join in or consent to removal.[16] First, the failure to join in the

---

[14] 28 U.S.C. § 1446(a).

[15] *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 547–48 (5th Cir. 1985) ("Failure to file a copy of the removal petition with the state court clerk is a procedural defect, and does not defeat the federal court's jurisdiction.").

[16] 28 U.S.C. § 1446(b)(2)(A).

removal petition is procedural and "not a jurisdictional defect."[17] Moreover, we agree with the district court that defendant Hernandez *did* consent to the removal.[18] With respect to Gonzalez, this court has repeatedly made clear that a removing defendant "need not obtain the consent of a co-defendant that the removing party contends is improperly joined."[19]

Mauldin's substantive arguments fare no better. Where a state court complaint alleges a damages amount, that number controls for purposes of determining whether the amount in controversy threshold is met when the case is removed to federal court.[20] In his state court petition, Mauldin sought damages between $200,000 and $1,000,000, satisfying the amount in controversy requirement. With respect to diversity of citizenship, we agree with Allstate that the district court correctly determined that Gonzalez was improperly joined and complete diversity existed. Mauldin advances no argument that Gonzalez was properly joined, instead just reasserting that Allstate did not offer sufficient proof of diversity. The burden to establish jurisdiction falls to the removing party, and the burden on those who claim fraudulent joinder "is a heavy one."[21] Nonetheless, reviewing the district court's joinder determination *de novo*, we affirm its conclusion that Gonzalez was not a proper party to the suit. Reviewing again Mauldin's state court petition, he does not make any allegations naming Gonzalez or discussing her

---

[17] *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990).

[18] The notice of removal states that "Defendant Hernandez consents to this removal" and is signed by her counsel. There is no requirement that Hernadez actually *sign* the petition for removal. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) ("This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.").

[19] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[20] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[21] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

conduct, and the complaint offers no basis for entitlement to relief from Gonzalez, whose only connection to the underlying dispute was in conducting Mauldin's examination under oath as Allstate's attorney.[22] Reviewing Gonzalez's affidavit, her limited role demonstrates she had no duty or liability to Mauldin for the insurance claims raised in his petition, and he does not state a claim entitling him to relief against Gonzalez.[23]

IV.

Finding that we have jurisdiction to consider this appeal, we affirm the district court's order denying Mauldin's motion to remand and dismissing Gonzalez from the case. Appellant's motion to supplement the record is DENIED.

---

[22] Mauldin specifies that Allstate insured against the losses at issue but with respect to Hernandez and Gonzalez, merely alleges "and in due course all of the Defendants became involved in this matter."

[23] *See, e.g.*, *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) ("We agree with the district court that, considering defendants' affidavits 'in light of the plaintiffs' lack of evidence,' there is no reasonable basis for predicting that plaintiffs might establish liability in their conspiracy claim against the in-state defendants.").