# United States Court of Appeals for the Fifth Circuit

_____

No. 25-40102
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2025

Lyle W. Cayce
Clerk

Edward Lee Gonzales; Michele Renee Gonzales,

*Plaintiffs—Appellants*,

*versus*

Patrick H. McDonald; Anthony Grantham, *Orange City Police Officer*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:23-CV-227

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Appearing pro se, Edward Lee Gonzales and Michele Renee Gonzales filed a complaint against several state actors for claims under 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 1983, alleging federal constitutional and state law violations. After the district court granted numerous motions to dismiss, there remained only excessive force claims against defendants Patrick H.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40102

McDonald and Anthony Grantham.  The district court granted McDonald's motion for summary judgment on the excessive force claims against him. The district court then granted Grantham's motion for summary judgment on October 28, 2023, which disposed of all outstanding claims, and entered a final judgment against Edward Gonzales that same day.

"Thirty-one days later[,] Gonzales filed a Federal Rule 59(e) Motion for Reconsideration of his Fourth Amendment claims against . . . McDonald and Grantham."  The district court did not "entertain the motion under Rule 59(e)" because "[a] party must file a Rule 59(e) motion 'no later than 28 days after the entry of judgment.'"  Gonzales was three days late.  "Gonzales needed to file his motion for reconsideration by November 25, 2024" because the court "entered Final Judgment on October 28, 2024."  Although the court construed Gonzales's Rule 59(e) motion under Rule 60(b) due to his failure "[t]o be timely" under Rule 59(e), it nevertheless denied the motion under that standard on February 6, 2025. Gonzales filed a notice of appeal on February 25, 2025.  It is unclear whether Gonzales appeals from the district court's final judgment entered on October 28, 2024 or only the February 6, 2025 order denying his motion for reconsideration.  Liberally construing Gonzales's notice of appeal, we proceed as if he appealed from both.

"Under Fed. R[.] App. P[.] 4(a) . . . a notice of appeal in a civil case must be filed within 30 days of entry of the judgment or order from which the appeal is taken.  This 30-day time limit is 'mandatory and

2

No. 25-40102

jurisdictional.'"[1] "The running of time for filing a notice of appeal may be tolled . . . by a *timely* motion filed in the district court pursuant to . . . Rule 59."[2] A Rule 59(e) motion for reconsideration "must be filed no later than 28 days after the entry of the judgment."[3] Even though FED. R. CIV. P. 6(d) adds three days to a prescribed period in limited circumstances, it is "inapplicable to Rule 59(e) motions."[4] "The time limit fixed by Rule 59(e) is jurisdictional: it may not be extended by waiver of the parties or by rule of the district court."[5]

_____

[1] *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960), *abrogated on other grounds by*, *Riley v. Bondi*, 145 S. Ct. 2190 (2025)); *see* FED. R. APP. P. 4(a)(1)(A); *see also Smith v. Smith*, 145 F.3d 335, 339 (5th Cir. 1998) ("The filing of a timely notice of appeal is mandatory and jurisdictional."); *Smith v. Barry*, 502 U.S. 244, 248 (1992) (discussing FED. R. APP. P. 3—which addresses the filing, contents, and service of a notice of appeal—and stating that "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review").

[2] *Browder*, 434 U.S. at 264 (emphasis added); *see Vincent v. Consol. Operating Co.*, 17 F.3d 782, 785 (5th Cir. 1994) ("An untimely Rule 59(e) motion does not toll the running of the thirty-day clock to appeal to this Court."); *Castleberry v. CitiFinancial Mortg. Co.*, 230 Fed. App'x 352, 355 (5th Cir. 2007) ("The thirty-day period may be extended, however, by a *timely* motion to alter or amend judgment under Rule 59." (emphasis added)).

[3] FED. R. CIV. P. 59(e); *see* FED. R. CIV. P. 6(b) ("[T]he court may, for good cause, extend the time" except "under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").

[4] *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 467-68 (5th Cir. 1998) (discussing FED. R. CIV. P. 6(e), which has since been amended and is found at FED. R. CIV. P. 6(d)); *see also* FED. R. CIV. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).").

[5] *Flores v. Procunier*, 745 F.2d 338, 339 (5th Cir. 1984); *see Vincent*, 17 F.3d at 785 ("The district court is powerless to rule on an untimely Rule 59(e) motion."); *Castleberry*, 230 Fed. App'x at 355 (stating that the time period under Rule 59(e) "is jurisdictional").

No. 25-40102

Gonzales's motion for reconsideration "was filed [31] days *after*"[6] "the entry of the judgment,"[7] making it "untimely."[8]  It "therefore could not toll the running of time to appeal under Rule 4(a)."[9]  Without a timely Rule 59 motion to toll the time for filing a notice of appeal, Gonzales's time to file a notice of appeal runs from the entry of final judgment.[10]  The district court entered final judgment on October 28, 2024.  Gonzales filed a notice of appeal on February 25, 2025—well past thirty days from the entry of final judgment.  Since complying with the requirements for timely filing a notice of appeal "is a prerequisite for appellate jurisdiction,"[11] we lack jurisdiction to review the underlying judgment.[12]

While the district court construed the motion under Rule 60, even a "Rule 60 . . . motion [must be] filed within the time allowed for filing a motion under Rule 59" to toll the time for filing a notice of appeal from the

---

[6] *Browder*, 434 U.S. at 264 (emphasis added).

[7] Fed. R. Civ. P. 59(e).

[8] *Browder*, 434 U.S. at 264.

[9] *Id.* at 265; *see also Vincent*, 17 F.3d at 785.

[10] *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."); *id.* at 4(a)(4)(A) ("If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—*and does so within the time allowed by those rules*—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." (emphasis added)).

[11] *Meggett v. Wainwright*, 642 F.2d 95, 96 (5th Cir. Unit B Mar. 1981); *see also Roberts v. Foti*, 68 F.3d 471, 471 (5th Cir. 1995) ("Compliance with the requirements for timely filing a notice of appeal is a prerequisite to the exercise of appellate jurisdiction."); *Smith v. Barry*, 502 U.S. 244, 248 (1992).

[12] *See Smith v. Smith*, 145 F.3d 335, 339 (5th Cir. 1998) ("The filing of a timely notice of appeal is mandatory and jurisdictional."); *Meggett*, 642 F.2d at 96; *see also Barry*, 502 U.S. at 248.

No. 25-40102

district court's judgment.[13]  Construing Gonzales's Rule 59(e) motion as a Rule 60 motion therefore does not save his appeal from the district court's final judgment.

We now turn to Gonzales's appeal of the district court's order denying his motion for reconsideration.  Gonzales filed a notice of appeal nineteen days after the district court denied his motion for reconsideration, making that motion properly before us.[14]  Gonzales alleges the district court "entered [the order] without proper adjudication, without consideration of material evidence, and in violation of Appellant's constitutional rights."  The most he does to explain what he means by this is allege that the order was "entered administratively and 'in pais,'" which he argues renders the order "void," and that the district court "failed to conduct a proper hearing, weigh sworn evidence, or apply the liberal construction standard owed to pro se litigants."  The majority of his brief focuses on the underlying merits supporting the court's final judgment, which we have no jurisdiction to review.[15]

Because "[t]he district court is powerless to rule on an untimely Rule 59(e) motion,"[16] we need only consider its decision construing the motion

---

[13] *See* FED. R. APP. P. 4(a)(4)(A)(vi); *Frew v. Young*, 992 F.3d 391, 395 (5th Cir. 2021) ("[A] Rule 60 motion will toll the appellate deadline only 'if the motion is filed no later than 28 days after the judgment is entered.'" (quoting FED. R. APP. P. 4(a)(4)(A)(vi)).

[14] *See* FED. R. APP. P. 4(a)(1)(A).

[15] *See Smith*, 145 F.3d at 339; *see, e.g.*, *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 159 (5th Cir. 1990) ("Review . . . is limited to the trial court's denial of the Rule 60(b) motion, and cannot be extended to review the case's underlying merits." (citing *United States v. O'Neil*, 709 F.2d 361, 373 (5th Cir. 1983))).

[16] *Vincent v. Consol. Operating Co.*, 17 F.3d 782, 785 (5th Cir. 1994); *see Flores v. Procunier*, 745 F.2d 338, 339 (5th Cir. 1984) ("The time limit fixed by Rule 59(e) is jurisdictional: it may not be extended by waiver of the parties or by rule of the district

No. 25-40102

under Rule 60(b)(1) and (4). We review the district court's denial of Gonzales's motion for reconsideration under 60(b)(1) for abuse of discretion;[17] we review its denial under Rule 60(b)(4) de novo.[18]

"[A] court may treat an untimely Rule 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief."[19] Rule 60(b)(1) provides relief from final judgment for reasons including "mistake, inadvertence, surprise, or excusable neglect."[20] "The law of this circuit permits a trial judge, in his discretion, to reopen a judgment on the basis of an error of law"[21] (i.e., a "mistake"[22]). "With regard to the 'mistake' in the ruling as a ground for 60(b) relief . . . the remedy is 'addressed to special situations justifying extraordinary relief,

_____

court."); *Washington v. Patlis*, 868 F.2d 172, 174 (addressing Rule 59(e)'s previous ten-day time limit and stating that district court had no jurisdiction to reconsider a "time-barred" motion under Rule 59(e)).

[17] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) ("Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion.").

[18] *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) ("This Court reviews a district court's denial of a Rule 60(b)(4) motion to set aside a judgment *de novo*." (citing *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir.1998)).

[19] *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998).

[20] *See* FED. R. CIV. P. 60(b)(1); *see also Ramos v. United States*, 455 Fed. App'x 424, 426 (5th Cir. 2011) (citing FED. R. CIV. P. 60(b)(1)).

[21] *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977) (citing *Oliver v. Home Indem. Co.*, 470 F.2d 239 (5th Cir. 1972)).

[22] *See id*; *see also In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001) ("When a judicial decision contains an obvious error of law, apparent on the record, then the error may be corrected as a mistake pursuant to Rule 60(b). The error of law must involve a fundamental misconception of the law or a conflict with a clear statutory mandate.").

[where] . . . the mistake was attributable to special circumstances,' not simply 'that the court made an erroneous ruling.'"[23] "[T]he judicial error should involve 'a fundamental misconception of the law.'"[24] Rule 60(b)(4) requires a court to provide relief if a "judgment is void."[25] "If a court has both subject matter and personal jurisdiction . . . the 'only inquiry is whether the district court acted in a manner so inconsistent with due process as to render the judgment void.'"[26] "Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction."[27]

Addressing the Rule 60(b) standard, the district court concluded that "under either Rule 60(b)(1) or (4)," "Gonzales [had] not satisfied his burden . . . to warrant relief with respect to his Fourth Amendment excessive force and unreasonable seizure claims against Officers McDonald and Grantham." The court explained that Gonzales made conclusory arguments about his Fourth Amendment claims, did not "address the fact that he never claimed that Officer Grantham caused his injuries," and "[t]he only references to 'due process' and 'notice' [were] of the boilerplate variety." Before this court, Gonzales appears to take no issue with this part of the district court's analysis. He fails to demonstrate *how* the court's order was "without consideration of material evidence[] and in violation of [his]

---

[23] *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983) (alteration and second omission in original) (quoting 11 Wright and Miller's Federal Practice and Procedure § 2858).

[24] *Id.*

[25] Fed. R. Civ. P. 60(b)(4).

[26] *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003) (quoting *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir.1996)).

[27] *Id.*

constitutional rights." Without deciding whether Gonzales forfeited these issues due to inadequate briefing,[28] the district court did not abuse its discretion in denying Gonzales's motion for reconsideration under Rule 60(b)(1).[29] Nor did it err in concluding that, under Rule 60(b)(4), Gonzales had not shown that it acted "in a manner so inconsistent with due process as to render the judgment void."[30] Gonzales's remaining contentions are without merit.

For these reasons, this appeal is DISMISSED.

---

[28] *See Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019) ("Generally speaking, a [party] waives an issue if he fails to adequately brief it." (alteration in original) (quoting *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001)); *Legrand v. Gillman*, 576 F. App'x 334, 337 (5th Cir. 2014) ("Although this court liberally construes the briefs of pro se appellants, 'we also require that arguments must be briefed to be preserved.'" (quoting *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)); *id.* ("'Conclusory briefing' that 'fails to address the . . . substantive reasons articulated by the [lower court]' is inadequate." (alterations in original) (quoting *Stevens v. Hayes*, 535 Fed. App'x 358, 359 (5th Cir.2013)); *Woods v. Lumpkin*, No. 23-40106, 2023 WL 5287664, at *1 (5th Cir. Aug. 3, 2023) ("[E]ven pro se litigants must brief arguments and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28."); *see also* Fed. R. App. P. 28(a)(9)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them.").

[29] *See Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977) ("Thus, to overturn the district court's denial of this 60(b) motion, it is not enough that a grant of the motion might have been permissible or warranted; rather, the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion.").

[30] *Callon Petroleum Co.*, 351 F.3d at 210.