# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2011

Lyle W. Cayce
Clerk

No. 10-60342
Summary Calendar

KHALID UMER,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A038 802 967

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Khalid Umer, a native and citizen of Pakistan, petitions this court for review of an order from the Board of Immigration Appeals (BIA).  The BIA dismissed Umer's appeal of the decision of the Immigration Judge (IJ) which granted the respondent's motion to pretermit Umer's request for a waiver of removal pursuant to former 8 U.S.C. § 1182(c) and ordered Umer removed from the United States.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60342

Umer argues that the BIA erred in concluding that there is no ground of inadmissibility under § 1182(a) comparable to his prior theft offense, defined as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) and for which he was found removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).  Umer contends that his prior theft conviction is a crime of moral turpitude and that he is therefore eligible for a discretionary waiver.

"While questions of law are reviewed de novo, this court accords deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

The BIA promulgated regulations to conform with *INS v. St. Cyr*, 533 U.S. 289, 326 (2001), including 8 C.F.R. § 1212.3(f)(5), which provides that an application for relief under former § 1182(c) "shall be denied if: . . . [t]he alien is deportable under former section 241 of the [Immigration and Nationality] Act or removable under section 237 of the Act on a ground which does not have a statutory counterpart in section 212 of the Act." *Vo v. Gonzales*, 482 F.3d 363, 367 (5th Cir. 2007).  We have previously rejected the argument that a conviction of aggravated sexual abuse of a child has as a statutory counterpart a crime involving moral turpitude, ruling that "it is not enough that a crime could be reclassified.  There is no textual link between sexual abuse of a child and crimes of moral turpitude to indicate that Congress had the same class of offenses in mind when it enacted the two provisions that must be compared." *Avilez-Granados v. Gonzales*, 481 F.3d 869, 872 (5th Cir. 2007).  Similarly, because there is no textual link between "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment is at least one year," § 1101(a)(43)(G), and "a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime," § 1182(a)(2)(A)(i)(I), Umer's argument fails.

2

Umer argues that his Fifth Amendment right to due process was denied when the IJ did not permit him to withdraw his concession that he was removable as charged, after his hearing had been reopened on his unopposed motion based on ineffective assistance of counsel. Umer's argument lacks merit because the IJ's ruling occurred at a hearing regarding discretionary relief and because Umer has not demonstrated substantial prejudice. *Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010); *De Hoyos v. Mukasey*, 551 F.3d 339, 343 (5th Cir. 2008).

Umer also argues that his Fifth Amendment right to due process was violated because he was charged as removable on the bases of the aggravated felony theft conviction and of having two prior crimes involving moral turpitude, one of which was the theft conviction. Umer cites no authority to support his contention that his right to due process was violated by the charges in the notice to appear. His conclusory assertion that his right to due process was violated is deemed abandoned. *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 322 n.1 (5th Cir. 2007).

Umer raises as new issues before this court that (1) our approach to determining eligibility for a waiver violates the Equal Protection Clause; and (2) his Fifth Amendment right to due process was denied when he was ordered deported without being allowed to apply for further relief. The second alleged error was argued to and addressed by the BIA, but not on due process grounds. We lack jurisdiction to address these newly-raised arguments. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001).

The petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.