# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60094
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2016

Lyle W. Cayce
Clerk

FREDDIE BALMORE CASTILLO, also known as Fredis Castillo,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 472 547

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Freddie Balmore Castillo petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reconsider its denial of his untimely motion to reopen his removal proceedings. Castillo argues that the BIA erred in declining to exercise its sua sponte authority to reopen removal proceedings and that, in the alternative, he was entitled to equitable tolling.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60094

We lack jurisdiction to review the BIA's discretionary decision whether to exercise its sua sponte authority to reopen removal proceedings. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004). Insofar as Castillo argues that we retain jurisdiction because the BIA's discretionary denial of relief violated his constitutional due process rights by denying him a hearing on the merits of his cancellation of removal application, Castillo received a full and fair immigration hearing and "discretionary relief from removal . . . is not a liberty or property right that requires due process protection." *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006).

Moreover, contrary to Castillo's assertion, our jurisdiction is not restored by a "gross miscarriage of justice" claim. *See* 8 C.F.R. § 1003.2(a). Castillo's reliance on *Ramirez-Molina v. Ziglar*, 436 F.3d 508 (5th Cir. 2006), and *Lara v. Trominski*, 216 F.3d 487 (5th Cir. 2000), is misplaced because these cases did not address whether we had jurisdiction to review a decision by the BIA not to exercise its sua sponte authority to reopen immigration proceedings but, instead, considered whether a federal court has jurisdiction to consider an alien's collateral challenge to the reinstatement of a prior removal order. *See Ramirez-Molina*, 436 F.3d at 510-15; *Lara*, 216 F.3d at 492-95. Indeed, Castillo fails to cite any authority suggesting a "gross miscarriage of justice" exception to our lack of jurisdiction over the BIA's failure to reopen proceedings sua sponte. Even if such an exception existed, Castillo does not explain how he suffered a gross miscarriage of justice. *See Ramirez-Molina*, 436 F.3d at 514-15 (noting that there is no precise standard for determining what constitutes a gross miscarriage of justice and dismissing petition for lack of jurisdiction after concluding that petitioner had not demonstrated a gross miscarriage of justice).

No. 15-60094

Additionally, we note that even if the immigration statutes are subject to equitable tolling, Castillo has failed to show that such tolling would apply. *See Mata v. Lynch*, 135 S. Ct. 2150, 2156 & n.3 (2015) (expressing no opinion as to whether the immigration statutes allow equitable tolling). Castillo did not expressly argue before the BIA that the applicable time limitations for filing his motion to reopen should be equitably tolled and does not adequately argue in his petition for review that he is entitled to equitable tolling. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (noting that the burden of establishing equitable tolling rests with the petitioner).

Accordingly, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.