# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2021

Lyle W. Cayce
Clerk

No. 19-60776
Summary Calendar

Freddis Balmore Castillo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 472 547

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Freddis Balmore Castillo petitions this court to review a motion to reopen removal proceedings that was denied by the BIA. Castillo concedes that the motion is untimely but argues that equitable tolling should be applied because of new caselaw. *See Monteon-Camargo v. Barr*, 918 F.3d 423 (5th Cir.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

2019).  He also argues that the 1999 removal order for conviction of driving while intoxicated, an aggravated felony, and for convictions of theft, a crime of moral turpitude, is invalidated by this case.

We lack jurisdiction to consider this petition because Castillo has not demonstrated a gross miscarriage of justice.  *See Ramirez-Molina v. Ziglar*, 436 F.3d 508, 513-14 (5th Cir. 2006).  *Monteon-Camargo* does not change the law retrospectively with regards to removal orders based on criminal convictions.  *See Monteon-Camargo*, 918 F.3d at 423.  Moreover, Castillo has not demonstrated that his removal based on his theft convictions was clearly unlawful when the removal order was entered.  *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017); *Matter of Umer*, 2010 WL 1606998 at *2 (BIA Mar. 31, 2010) (unpublished), *denied in part and dismissed in part by Umer v. Holder*, 417 F. App'x 403 (5th Cir. 2011), *vacated on other grounds by Umer v. Holder*, 565 U.S. 1105 (2012).  Because Castillo attempts to rely on a case that did not change the law retroactively, and because he raises arguments against his theft convictions based on the law in place at the time his removal order was entered, he has not shown that he is entitled to equitable tolling.  *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016).

Because the theft convictions were sufficient to support Castillo's removal, we do not address his arguments regarding his DWI conviction.  Castillo also presents an argument regarding cancellation of removal, but he lacks the required legal status for that remedy to be considered and we do not have the power to confer that status upon him.  8 U.S.C. § 1229b(a).

Finally, we note that Counsel denies the existence of a motion that he himself litigated before the BIA and this court.  *See Matter of Castillo*, 2014 WL 4966525 (BIA Sept. 15, 2014) (unpublished); *Castillo v. Lynch*, 653 F. App'x 800-01 (5th Cir. 2016).  We admonish counsel.

DISMISSED.