# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60345

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2019

Lyle W. Cayce
Clerk

GUSTAVO MONTEON-CAMARGO,
Also Known as Ulysius Montillon-Camargo,
Also Known as Gustavo Monteon Camargo,

Petitioner,

versus

WILLIAM P. BARR, U.S. Attorney General,

Respondent.

Petitions for Review of an Order of
the Board of Immigration Appeals

Before SMITH, DUNCAN, and ENGELHARDT, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Gustavo Monteon-Camargo, a native and citizen of Mexico, petitions for review of a final order of removal by the Board of Immigration Appeals ("BIA" or "Board"). The BIA determined that Monteon-Camargo was ineligible for cancellation of removal because his 2007 conviction of attempted theft from a person under Texas law counts as a crime involving moral turpitude ("CIMT")

No. 17-60345

under a 2016 BIA decision.  We grant the petition and reverse and remand because that retroactive application was error.

## I.

Monteon-Camargo first entered the United States in 1998 on a non-immigrant visa but was arrested and administratively returned to Mexico in 2004.  He reentered on an unknown date and was arrested by the Department of Homeland Security ("DHS") in 2010.  DHS served him with a Notice to Appear, charging him with inadmissibility as an alien present in the United States without being admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i).

During removal proceedings, Monteon-Camargo submitted an "Application for Cancellation of Removal and Adjustment of Status for Certain Non-permanent Residents."  DHS submitted a judgment showing that in 2007, Monteon-Camargo had pleaded guilty of attempted theft from a person in violation of Texas Penal Code § 31.03.[1]  Deciding that that offense was a CIMT and that Monteon-Camargo thus had failed to establish one of the prerequisites for eligibility for cancellation of removal—that his conviction was not a CIMT—the immigration judge ("IJ") found Monteon-Camargo removable

---

[1] Texas Penal Code § 31.03(a)–(b) provides as follows:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

> (1) it is without the owner's effective consent;

> (2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or

> (3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

2

No. 17-60345

as charged.[2]

Monteon-Camargo appealed to the BIA, contending that the IJ erred in failing to apply the modified categorical approach to determine whether the attempted-theft conviction was a CIMT. He asked the BIA to remand to allow him to supplement the record with his conviction records so he could show that his conviction was not a CIMT.[3]

The BIA dismissed the appeal. It agreed with the IJ that attempted theft from a person under § 31.03 is categorically a CIMT and that Monteon-Camargo was therefore statutorily ineligible for cancellation of removal. The Board based its decision on *In re Diaz-Lizarraga*, 26 I. & N. Dec. 847, 848 (BIA 2016), which announced that a theft offense is a CIMT if it involves a taking or exercise of control over another's property without consent and with an intent to deprive the owner of his property either permanently or under circumstances in which the owner's property rights are substantially eroded. A defendant could not be convicted of violating § 31.03, the BIA continued, unless his conduct met the definition in *Diaz-Lizarraga.* The BIA also noted that Texas caselaw confirms "that a theft conviction may not lawfully be entered absent proof beyond a reasonable doubt that the accused intended permanently to deprive the victim of the value of his property." Consequently,

---

[2] The IJ also denied Monteon-Camargo's request for a continuance to apply for other forms of relief, explaining that a continuance would be futile because Monteon-Camargo was statutorily ineligible for adjustment of status and could not cure his ineligibility with a waiver. The IJ further declined to continue proceedings to allow Monteon-Camargo to apply for withholding of removal because Monteon-Camargo had not shown the requisite good cause. The IJ noted that proceedings had been ongoing for approximately two years, yet Monteon-Camargo had not sought a withholding of removal until other forms of relief were foreclosed.

[3] Monteon-Camargo also challenged the IJ's denial of a continuance, explaining that he had not "proceeded on his application for withholding of removal" because he believed he had a strong case for cancellation of removal. He further averred that he needed a continuance to file for asylum under the United Nations Convention Against Torture.

3

No. 17-60345

the Board concluded, Monteon-Camargo's conviction is a CIMT.[4]

While his petition for review to this court was pending, Monteon-Camargo moved the Board to reopen and reconsider its decision dismissing his original appeal of the IJ's decision. The BIA denied that motion, whereupon Monteon-Camargo filed a second petition for review in this court. We consolidated the two petitions, and the parties filed supplemental briefing.

After that, several of our sister circuits held that the Board may not retroactively apply *Diaz-Lizarraga*'s definition of CIMTs to predicate offenses committed before that decision.[5] Monteon-Camargo and the government have submitted several supplemental letters addressing those cases.

## II.

We review the BIA's rulings of law *de novo*, "giv[ing] *Chevron* deference[6] to the BIA's interpretation of the term 'moral turpitude' and its guidance on the general categories of offenses which constitute CIMTs." *Laryea v. Sessions*, 871 F.3d 337, 341 (5th Cir. 2017) (internal alterations and citation omitted). Because the BIA agreed with the IJ's rulings, we review the decisions of both the BIA and the IJ. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

An alien is eligible for cancellation of removal if, among other things, he

---

[4] Regarding the request for a continuance, the BIA observed that Monteon-Camargo had received multiple continuances over the past two years, had "designated Mexico as the country of removal" and expressed no fear of returning there, "ha[d] not proffered an application [for asylum] on appeal," and had "established [neither] prima facie eligibility for [asylum nor prejudice]."

[5] *Garcia-Martinez v. Sessions*, 886 F.3d 1291 (9th Cir. 2018); *Obeya v. Sessions*, 884 F.3d 442 (2d Cir. 2018); *Lucio-Rayos v. Sessions*, 875 F.3d 573 (10th Cir. 2017).

[6] *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council*, 467 U.S. 837, 842–43 (1984).

"has not been convicted of an offense under section 1182(a)(2)"[7]—that is, "a [CIMT]." 8 U.S.C. § 1182(a)(2)(A)(i)(I). The alien has the burden to establish eligibility for cancellation of removal. *Id.* § 1229a(c)(4)(A). Put differently, the alien must prove that his conviction was not a CIMT.

Congress did not define "moral turpitude" in the Immigration and Nationality Act but "left the interpretation of this provision to the BIA and interpretation of its application to state and federal laws to the federal courts." *Rodriguez-Castro v. Gonzales*, 427 F.3d 316, 319–20 (5th Cir. 2005). The BIA has long maintained that "theft [is] . . . a [CIMT]," *Okoro v. INS*, 125 F.3d 920, 926 (5th Cir. 1997), and this court has consistently deferred to that holding. *See id.*

Historically, the BIA has held that a theft offense is categorically a CIMT only if it was "committed with the intent to *permanently* deprive an owner of property."[8] But the BIA altered its position in 2016. In *Diaz-Lizarraga*, a formal adjudication, the BIA opined that "lawmakers and judges across the country have come to recognize that many temporary takings are as culpable as permanent ones." *Diaz-Lizarraga*, 26 I. & N. Dec. at 851. The Board thus revised its interpretation of which theft crimes constitute CIMTs, holding "that a taking or exercise of control over another's property *without consent* . . . is a [CIMT] if it involves an intent to deprive the owner of his property *either* permanently *or* under circumstances where the owner's property rights are substantially eroded." *Id.* at 852–53 (some emphasis added).

The BIA applied that new standard to classify Monteon-Camargo's conviction as a CIMT. Monteon-Camargo contends that the BIA's retroactive

---

[7] 8 U.S.C. § 1229b(b)(1)(C).

[8] *Diaz-Lizarraga*, 26 I. & N. Dec. at 849; *see also, e.g., In re Grazley*, 14 I. & N. Dec. 330, 333 (BIA 1973).

No. 17-60345

application of *Diaz-Lizarraga* violates due process. But before we reach the merits of that argument, we must decide two threshold questions: whether he waived the issue and whether we have jurisdiction.

A.

"Generally speaking, a [party] waives an issue if he fails to adequately brief it." *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001). That "rule is a prudential construct that requires the exercise of discretion." *Id.* (internal quotation marks and citation omitted). Federal Rule of Appellate Procedure 28(a)(8)(A) instructs a party to brief his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the [party] relies." Still, this court has the discretion to consider inadequately briefed claims and has done so. *See, e.g.*, *Martinez*, 263 F.3d at 438.

Monteon-Camargo first contended that the BIA erred in retroactively applying *Diaz-Lizarraga* in his supplemental brief, devoting just over a page to the theory and citing no authorities. But both parties have filed supplemental letters addressing the issue and providing authorities.

Despite the sparse briefing, we exercise our discretion to consider Monteon-Camargo's retroactivity claim. Three of our sister circuits have held that the BIA's revised CIMT definition may not be retroactively applied to predicate offenses committed before *Diaz-Lizarraga* was issued.[9] And the government has apparently adopted that position, as well, based on a response

---

[9] *Garcia-Martinez v. Sessions*, 886 F.3d 1291 (9th Cir. 2018); *Obeya v. Sessions*, 884 F.3d 442 (2d Cir. 2018); *Lucio-Rayos v. Sessions*, 875 F.3d 573 (10th Cir. 2017). In *Lucio-Rayos*, the Tenth Circuit explained that "after the BIA's decision in this case, the BIA updated its definition of theft offenses that qualify as a CIMT." *Lucio-Rayos*, 875 F.3d at 578 (internal quotation marks and citation omitted). But "[t]hat new definition . . . does not apply retroactively here . . . because a revised rule adopted by the BIA in the exercise of its delegated legislative policymaking authority is presumed to apply prospectively only to cases initiated after its issuance." *Id.*

## No. 17-60345

to a certiorari petition filed November 9, 2018.[10] We are also satisfied that the parties have adequately presented their positions in the supplemental letters, making it appropriate to decide the issue.

### B.

The government contends that we do not have jurisdiction to decide Monteon-Camargo's retroactivity claim, averring that judicial review is unavailable under § 1252(d)(1) because Monteon-Camargo did not present that claim to the BIA.[11]  "Judicial review of a final removal order is only available if 'the alien has exhausted all administrative remedies available to the alien as of right.'"  *Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018) (quoting 8 U.S.C. § 1252(d)(1)).  That exhaustion requirement is "mandatory and jurisdictional."  *Omari v. Holder*, 562 F.3d 314, 324 (5th Cir. 2009) (emphasis omitted).  "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA."  *Vazquez*, 885 F.3d at 868 (internal quotation marks, alteration, and citation omitted).  "[T]o satisfy the exhaustion requirement . . . a petitioner must 'raise,' 'present,' or 'mention' an issue to the BIA" in his brief to the Board.  *Id.* (citing *Omari*, 562 F.3d at 321).

Due process claims, however, are generally exempt from the exhaustion doctrine because they are not within the purview of the BIA.  *Anwar v. INS*,

---

[10] Br. for the Resp't in Opp'n at 2–3, *Lucio-Rayos v. Whitaker* (No. 18-64), 2018 WL 5920369 (internal quotation marks and citation omitted) (observing that for "removal proceedings [that] were initiated" before *Diaz-Lizarraga*, "theft offense[s] constituted" CIMTs only if they "required the defendant to act with the intent to permanently deprive an owner of property").

[11] The government's only response to Monteon-Camargo's retroactivity claim has been that this court lacks jurisdiction.  The government posits that Monteon-Camargo "did not present that argument to the agency and this Court lacks jurisdiction to review that argument in the first instance" under 8 U.S.C. § 1252(d)(1).

116 F.3d 140, 144 n.4 (5th Cir. 1997) (citations omitted). "[W]hen a petitioner's due process claim does not assert a procedural error correctable by the BIA, it is not subject to an exhaustion requirement." *Lopez De Jesus v. INS*, 312 F.3d 155, 162 n.47 (5th Cir. 2002).

Monteon-Camargo raises a due process challenge to the BIA's decision, contending that *Diaz-Lizarraga* cannot apply retroactively because of "the due process interests of fair notice." The government counters that retroactivity claims are not *per se* constitutional due process claims that the BIA is unable to correct. And Monteon-Camargo, the government suggests, is alleging "procedural error," *Falek v. Gonzales*, 475 F.3d 285, 289−90 (5th Cir. 2007) (internal quotation marks and citation omitted), because his "supplemental brief does not mention the [C]onstitution, let alone establish that [his retroactivity claim] is the type of argument that the Board is unable to review." The government concludes that under *Falek*, Monteon-Camargo needed to exhaust his retroactivity claim before the Board.

But unlike in *Falek*, *id.*, Monteon-Camargo presses a constitutional claim, contending that retroactively applying *Diaz-Lizarraga* compromises his "'due process interests in fair notice, reasonable reliance, and settled expectations'" (quoting *De Niz Robles v. Lynch*, 803 F.3d 1165, 1169 (10th Cir. 2015) (Gorsuch, J.)).[12] Accordingly, his retroactivity claim "is not subject to an exhaustion requirement," *Lopez De Jesus*, 312 F.3d at 162 n.47, and we have jurisdiction to consider it.

---

[12] *Compare Lopez De Jesus*, 312 F.3d at 162 (recognizing an exception to the exhaustion requirement where a BIA decision applied a statutory amendment retroactively, thus rendering an alien ineligible for a waiver of inadmissibility, and the alien challenged the retroactive application as a violation of "his constitutional rights to fair notice and due process").

No. 17-60345

C.

That takes us to the merits.  "[T]he leading case on administrative retroactivity" instructs that any disadvantages from the "'retroactive effect[s]'" of deciding a "'case of first impression . . . must be balanced against the mischief of producing a result which is contrary to a statutory design or to legal and equitable principles.'"  *Microcomputer Tech. Inst. v. Riley*, 139 F.3d 1044, 1050 (5th Cir. 1998) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947)).  To apply that instruction, this court "balance[s] the ills of retroactivity against the disadvantages of prospectivity."  *Id.*[13]  "If that mischief [of prospectivity] is greater than the ill effect of the retroactive application of a new standard, it is not the type of retroactivity which is condemned by law."  *Chenery*, 332 U.S. at 203.  We must thus balance the ills of applying the BIA's new interpretation of which thefts constitute CIMTs against the disadvantages of applying the change solely to predicate offenses adjudicated after *Diaz-Lizarraga*.

Because the retroactivity issue was first raised in the supplemental briefing, the various briefs say little about the disadvantages of retroactivity versus prospectivity.  There are, however, some obvious disadvantages.  Criminal defendants may have pleaded guilty of crimes that they rightly thought, based on the Board's prior position, did not constitute CIMTs.  Accordingly, they may have entered pleas believing that they would not suffer adverse immigration consequences as a result.  Retroactively applying *Diaz-Lizarraga* thus would compromise the "familiar [due process] considerations of fair notice, reasonable reliance, and settled expectations."  *Landgraf v. USI Film*

---

[13] Other circuits, by contrast, apply "variously articulated factors," usually "the five factors articulated in *Retail, Wholesale & Dep't Store Union v. NLRB*, 466 F.2d 380, 390 (D.C. Cir. 1972)," to "measure [the] unfairness to the parties against the 'mischief' of allowing the previous . . . interpretation to stand."  *Microcomputer Tech. Inst.*, 139 F.3d at 1050 (quoting *Retail, Wholesale & Dep't Store Union*, 466 F.2d at 390).

*Prods.*, 511 U.S. 244, 270 (1994).

The change in the Board's guidance, moreover, was significant: It added an entirely new category of theft offenses to those considered CIMTs. In *Diaz-Lizarraga*, the Board recognized that it was drastically changing the landscape, observing that it was "updat[ing]" what had been its position "[f]rom [its] earliest days." *Diaz-Lizarraga*, 26 I. & N. Dec. at 849, 852. Applying such a broad "new rule[] of general applicability" to prior conduct contravenes basic presumptions about our legislative system. *De Niz Robles*, 803 F.3d at 1169. A "presumption of prospectivity attaches to Congress's own work," and it should generally attach when an agency "exercise[s] delegated legislative . . . authority." *Id.* at 1171–72.

Though there are multiple disadvantages to applying it retroactively, the government has not identified a single disadvantage of applying *Diaz-Lizarraga* only prospectively. We conclude that the definition of CIMTs announced in *Diaz-Lizarraga* may be applied only to crimes committed after that decision issued. The BIA erred in applying its new definition to Monteon-Camargo's conviction of attempted theft.

The petition for review is GRANTED. The order is REVERSED and REMANDED for further proceedings.[14]

---

[14] We DENY, as moot, Monteon-Camargo's petition for review of the BIA's denial of his motion to reopen and reconsider. *See Arce-Vences v. Mukasey*, 512 F.3d 167, 173 n.1 (5th Cir. 2007) (denying as moot a petition for review of the BIA's denial of a motion to reopen where the court granted the petition for review of the original removal order).