# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60111
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2019

Lyle W. Cayce
Clerk

PASANG SHERPA,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 874 650

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Pasang Sherpa, a native and citizen of Nepal, petitions this court to review the dismissal of his appeal from the Board of Immigration Appeal's ("BIA") denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He also petitioned the court to review the BIA's denial of his motion to reopen the proceedings. We DENY the two petitions for review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60111

FACTUAL AND PROCEDURAL BACKGROUND

Sherpa entered the United States without authorization in March 2017. The next month, he received a notice to appear. The government sought his removal as an alien who had entered the country without valid documents. Thereafter, Sherpa conceded removability but filed an asylum application claiming he would be tortured if he were returned to his native Nepal. At a hearing before an immigration judge ("IJ") in Louisiana in August 2017, in which he was represented by counsel, Sherpa testified that in Nepal he had supported the Congress Party. He had been persecuted for this political stance by Maoists and had a well-founded fear of renewed persecution if he returned. The IJ found Sherpa not to be credible due to statements that were inconsistent with his asylum application and other statements that were implausible. The IJ denied his application for relief at the end of the hearing, then later issued an oral explanation. Sherpa appealed.

On January 19, 2018, the BIA dismissed Sherpa's appeal. It held as to the request for asylum that the IJ had validly relied on inconsistencies in Sherpa's testimony to conclude he was not credible as to his supposed persecution. In addition, part of Sherpa's chronology of events in Nepal was implausible. Regarding the request for relief under the Convention Against Torture, the BIA agreed with the IJ that Sherpa had not carried his burden to show it to be more likely than not that he would be tortured if he returned to Nepal. There too, the IJ had found Sherpa not credible.

Sherpa filed a petition for review with this court but also filed a timely motion to reopen at the BIA. A second decision was entered by the BIA on May 23, 2018, denying the motion. Sherpa then filed a second petition for review.

No. 18-60111

## DISCUSSION

We review only the BIA's decision "unless the IJ's [immigration judge's] decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review a finding that an alien was not credible under the substantial evidence standard and consider whether the "record *compels* belief in [his] story." *Id.* at 539-40.

We find no error in the determination that, based on inconsistencies in his story about the timing of relevant events and where he was living at different times, Sherpa was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wang*, 569 F.3d at 538-39. The BIA considered but was not required to accept Sherpa's explanation that the inconsistencies were attributable to his lack of education. *See Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017).[1]

That adverse credibility determination, taken with the evidence provided by the government supporting removal, constitutes substantial evidence to support the decision to deny Sherpa asylum, withholding of removal, and CAT relief. *See Wang*, 569 F.3d at 537-40. "Without credible evidence, the BIA had no basis upon which to grant asylum or withhold deportation." *Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994).

Because the finding that Sherpa was not credible is sufficient to deny the petition for review, we need not consider the alternative holding made by the IJ that even if he had been credible, Sherpa was ineligible for relief.

Sherpa also petitions this court to review the BIA's order denying his motion to reopen the removal proceeding based on a change of conditions in Nepal and a recent incident between his parents and Maoists there. We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion

---

[1] We lack jurisdiction to consider Sherpa's unexhausted argument that the inconsistencies can be explained by his confusion converting dates from the Nepali calendar to the Western calendar. *See Monteon-Camargo v. Barr*, 918 F.3d 423, 429 (5th Cir. 2019).

standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* The BIA's reliance on the adverse credibility determination in denying the motion to reopen was not capricious, without foundation in the record, or so irrational as to be arbitrary rather than the result of any perceptible rational approach. Accordingly, the BIA did not abuse its discretion.

We also "review the BIA's decision 'procedurally' to ensure that the complaining applicant has received full and fair consideration of all circumstances that give rise to his or her claims." *Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004) (citation omitted). The BIA's acknowledgement of Sherpa's claim of changed country conditions was "sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.*

The petitions for review are DENIED.