# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2020

Lyle W. Cayce
Clerk

No. 17-60380
Summary Calendar

_____

MARIA CASTILLO-CORREA,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

_____

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A089 716 631

_____

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Maria Castillo-Correa petitions for review of a decision of the Board of
Immigration Appeals (BIA) dismissing her appeal from an immigration judge's
(IJ) finding that she is ineligible for cancellation of removal. The IJ's finding
was based on a determination that Castillo-Correa's prior Texas convictions
for theft were crimes involving moral turpitude (CIMT). The BIA dismissed
Castillo-Correa's appeal based on its decision in *Matter of Diaz-Lizarraga*, 26

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-60380

I. & N. Dec. 847 (BIA 2016), which altered its prior definition of a theft offense and held that the Texas theft statute was a CIMT. Castillo-Correa also filed a timely petition for review from the BIA's denial of her motions for reconsideration and a stay of removal.

After the parties filed their briefs, we decided *Monteon-Camargo v. Barr*, 918 F.3d 423 (5th Cir. 2019). In relevant part, we held that the BIA's definition of a CIMT announced in *Diaz-Lizarraga* applies only to crimes committed after that decision issued. *See id.* at 431. Because her own theft convictions occurred many years prior to *Diaz-Lizarraga*, Castillo-Correa filed an unopposed motion to remand to the BIA for further consideration in light of *Monteon-Camargo*.

We have previously recognized that remand may be appropriate when the BIA's decision has become unsustainable in light of an intervening change in binding precedent. *See Kane v. Holder*, 581 F.3d 231, 242 (5th Cir. 2009); *see also Arce–Vences v. Mukasey*, 512 F.3d 167, 172-73 (5th Cir. 2007) (remanding to the BIA for further consideration in light of an intervening Supreme Court decision). Accordingly, we GRANT the initial petition for review and REMAND this case to the BIA for further consideration. *See Monteon-Camargo*, 918 F.3d at 431. Castillo-Correa's unopposed motion to remand is DENIED AS MOOT. Further, her petition for review from the denial of her motion for reconsideration and for a stay of removal also is DENIED AS MOOT.