# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60640
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2020

Lyle W. Cayce
Clerk

RAMANPREET SINGH SANDHU,

Petitioner,

versus

WILLIAM P. BARR, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 215 552 759

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ramanpreet Sandhu seeks review of the dismissal by the Board of

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60640

Immigration Appeals ("BIA") of his appeal from the denial by the Immigration Judge ("IJ") of his application for asylum. Because he did not brief the BIA's dismissal of his claims for withholding of removal and protection under the Convention Against Torture, those issues are waived. *See Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019).

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). We review questions of law *de novo* and factual findings for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). To qualify for asylum, an alien must prove that he either has suffered past persecution or has a well-founded fear of future persecution in his native country. 8 C.F.R. § 208.13(b).

Sandhu's contention that he has established past persecution need not be addressed because the BIA assumed that. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976). He also contends that the BIA erred when it purported to affirm the IJ's finding that the Department of Homeland Security ("DHS") had rebutted the presumption of a well-founded fear of future persecution by establishing that Sandhu could have reasonably and safely relocated within India, when the IJ made no such finding. Because Sandhu could have, but did not, raise this issue in a motion to reopen or for reconsideration before the BIA, we do not have jurisdiction to review it. *See Omari v. Holder*, 562 F.3d 314, 319-20 (5th Cir. 2009).

Sandhu contends that the IJ and BIA erred by disregarding his testimony that he felt unsafe in Delhi when concluding that the DHS had rebutted the presumption of future persecution by demonstrating that Sandhu could

have safely and reasonably relocated to a different part of India. Although "an alien cannot be forced to live in hiding to avoid persecution," *Singh v. Sessions*, 898 F.3d 518, 522 (5th Cir. 2018), Sandhu's claim that he was in hiding while he lived at the gurdwara in Delhi finds little, if any, support in the record.

Sandhu specifically testified that he was in hiding while in his relative's house in Jalandhar, while he stated only that he stayed and ate at the gurdwara in Delhi. Other than phone calls, Sandhu admittedly did not encounter his persecutors for the years he lived in Delhi. Although he testified that unknown persons were looking for him while he was in Delhi, there is no evidence in that record that those people were members of the political parties responsible for earlier attacks against him.

Accordingly, the BIA did not err in finding that Sandhu failed to demonstrate his entitlement to asylum. *See Wang*, 569 F.3d at 536–37. The petition for review is DISMISSED in part for want of jurisdiction and DENIED in part.