# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2020

Lyle W. Cayce
Clerk

No. 19-60497
Summary Calendar

INGRID KARINA ESCOBAR-PORTILLO; YEFRIN BLADIMIR NUNEZ-ESCOBAR; MELANY SACHEL NUNEZ-ESCOBAR,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 088 851
BIA No. A202 088 852
BIA No. A202 088 853

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Ingrid Karina Escobar-Portillo, Yefrin Bladimir Nunez-Escobar, and Melany Sachel Nunez-Escobar seek review of the dismissal by the Board of Immigration Appeals (BIA) of their appeals from the denial by the Immigration Judge (IJ) of their applications for asylum and withholding of removal. As

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60497

petitioners did not brief the BIA's dismissal of their claim for protection under the Convention Against Torture, the issue is waived. *See Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019).

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). We review questions of law de novo and factual findings for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

To qualify for asylum, an alien must prove that he or she either has suffered past persecution or has a well-founded fear of future persecution in his or her native country. 8 C.F.R. § 208.13(b). "[T]he applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). We have rejected the argument that a petitioner belongs to a particular social group based on his or her resistance to gang membership. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012). A social group defined as the family members of individuals who resist gang membership similarly fails to satisfy the requisite standard. *See id.* at 522. The BIA did not err in finding that petitioners failed to demonstrate their entitlement to asylum. *See Wang*, 569 F.3d at 536-37. Further, as "[w]ithholding of removal is a higher standard than asylum," aliens who, like the petitioners, fail to show entitlement to asylum also fail to show entitlement to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

No. 19-60497

Finally, petitioners' argument that the immigration court lacked jurisdiction over their case because the notices to appear did not include the time or place of their hearing is foreclosed under *Pierre-Paul v. Barr*, 930 F.3d 684, 689-93 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779).

PETITION DENIED.