# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2021

Lyle W. Cayce
Clerk

No. 19-60579
Summary Calendar

Jose Gilberto Alvarez Guzman,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 016 640

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Jose Gilberto Alvarez Guzman, a native and citizen of El Salvador, petitions for review of an order by the Board of Immigration Appeals (BIA) affirming the denial of his motion to reopen. He argues that he did not receive notice of his deportation hearing, the immigration judge (IJ) erred in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60579

determining that he was barred from filing a motion to reopen, and the IJ failed to address his request for *sua sponte* reopening.

Judicial review of a final removal order is available only where the petitioner has exhausted all administrative remedies of right.   8 U.S.C. § 1252(d)(1).  "Because the exhaustion requirement is statutorily mandated, an alien's failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue."  *Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020) (citing *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001)).

"An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA." *Monteon-Camargo v. Barr*, 918 F.3d 423, 429 (5th Cir. 2019) (quoting *Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018)).  In this case, Alvarez Guzman did not argue before the BIA that his deportation order should be rescinded for a lack of notice, that the IJ erred in determining that he was barred from filing a motion to reopen, or that the IJ failed to address his request for *sua sponte* reopening.  Because these arguments were not raised, presented, or mentioned before the BIA, they are unexhausted, and we therefore lack jurisdiction to address them.  *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

The petition for review is DISMISSED.