# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2021

Lyle W. Cayce
Clerk

No. 19-60648
Summary Calendar

Hossain Auram,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 341 942

---

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Hossain Auram, a native and citizen of Bangladesh, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He argues

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that the immigration judge (IJ) erred in determining that (1) he lacked credibility; (2) he failed to demonstrate past persecution or a well-founded fear of future persecution; and (3) he was not entitled to protection under the CAT.

Judicial review of a final removal order is available only where the petitioner has exhausted all administrative remedies of right. 8 U.S.C. § 1252(d)(1). "Because the exhaustion requirement is statutorily mandated, an alien's failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue." *Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020).

"An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA." *Monteon-Camargo v. Barr*, 918 F.3d 423, 429 (5th Cir. 2019) (quoting *Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018)). In this case, Auram did not contest the IJ's adverse credibility determination before the BIA, and the BIA found the issue abandoned. However, the BIA addressed the IJ's credibility finding, and the purposes of exhaustion are satisfied. *See Lopez-Duhon v. Holder*, 609 F.3d 642, 644-45 (5th Cir. 2010).

While Auram argues that the adverse credibility finding was in error because the asylum officer who conducted his credible fear interview found him credible and that the affidavits submitted in support of his application contained sufficient detail and information to show that they were not authored by a single individual, the IJ's determination was supported by specific reasons based on the evidence presented and was, under the totality of the circumstances, substantially reasonable. *See Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018). Because the adverse credibility determination was supported by "specific and cogent reasons," the record does not compel a finding that Auram was credible or that no reasonable factfinder could have

No. 19-60648

made an adverse credibility finding. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Accordingly, the lack of credible evidence precluded Auram from meeting his burden of proof for asylum, withholding of removal, or protection under the CAT. *See Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012).

Based upon the foregoing, the petition for review is DENIED.