# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2021

Lyle W. Cayce
Clerk

No. 20-60339
Summary Calendar

Julio Cesar Esquivel-Virula; Cesar Emmanuel Esquivel-Salazar; Julio Gerardo Esquivel-Salazar,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 888 703
BIA No. A209 888 704
BIA No. A209 888705

Before King, Costa, and Ho, *Circuit Judges.*

Per Curiam:*

Julio Cesar Esquivel-Virula and his two minor sons, natives and citizens of Guatemala, petition for review of an order by the Board of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60339

Immigration Appeals (BIA) dismissing the appeal from the denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The petitioners contend that their proposed social group consisting of children and adolescents unable to leave family relationships was cognizable, that the suffered harm rose to the level of persecution, and that the central reason they were targeted for persecution was on account of their proposed social group. Because the petitioners do not challenge the determination that they are not entitled to protection under the CAT, they have abandoned this claim. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

Judicial review of a final removal order is available only where the petitioner has exhausted all administrative remedies of right. 8 U.S.C. § 1252(d)(1). "Because the exhaustion requirement is statutorily mandated, an alien's failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue." *Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020).

"An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA." *Monteon-Camargo v. Barr*, 918 F.3d 423, 429 (5th Cir. 2019) (quoting *Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018)). In this case, the petitioners did not argue before the BIA that they demonstrated a nexus between any past or feared harm and their membership in a particular social group. Because this dispositive argument was not raised, presented, or mentioned before the BIA, it is unexhausted and therefore we lack jurisdiction to address it. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

Accordingly, the petition for review is DISMISSED.