# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2022

Lyle W. Cayce
Clerk

No. 20-60222

Javier Eduardo Salazar, also known as Javier Salazar,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 291 075

Before Jones, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Petitioner Javier Eduardo Salazar, proceeding *pro se*, seeks review of the Board of Immigration Appeals' ("BIA") determination that he is ineligible for cancellation of removal and requests that this court vacate and remand the case for further BIA proceedings. We find no error of law in the BIA's legal conclusions, and thus DENY the petition for review.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60222

## BACKGROUND

Salazar is a native and citizen of Mexico. He came to the United States without a valid entry document with his parents when he was seven years old. In 2012, the Department of Homeland Security ("D.H.S.") served Salazar with a notice to appear ("NTA"), charging him with removability. With counsel, he appeared before an Immigration Judge ("IJ"), admitted the allegations in the NTA, and conceded removability. He then applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).[1] D.H.S. stipulated that Salazar satisfied the requirements of good moral character and physical presence. But it contended that Salazar's removal would not result in the requisite "exceptional and extremely unusual hardship" to his daughter, as required for eligibility under § 1229b(b)(1)(D).

Salazar lives with his wife, daughter, and parents. His wife is also from Mexico and does not have legal status, but she is not currently in removal proceedings. Salazar's parents also remain in the United States without legal status. His daughter, who was born in 2018 in the United States, is a citizen. Salazar works as a plumber and is the sole financial provider for his family. His wife cares at home full-time for their daughter. Salazar has no personal ties to Mexico other than his citizenship. He has not returned to Mexico since entering the United States in 1999, he has no relatives in Mexico, and his primary language is English.

Salazar testified that, if he were removed, he would take his wife and daughter with him so that he could continue to support them and because he does not believe in separating families. He believes that his daughter would suffer in Mexico due to the increased criminal activity and lack of sufficient

---

[1] Salazar also applied for asylum, withholding of removal, and protection under the Convention Against Torture. Those claims were unsuccessful, and Salazar did not appeal any of these determinations.

access to medical care. He testified that he does not anticipate she will survive due to the "different lifestyle" Mexico offers as compared to the United States. Although he expressed concern about the decreased access to medical care in Mexico, he did not claim that his daughter suffers from any specific medical issues.

The IJ denied Salazar's request for cancellation of removal under § 1229b(b)(1), finding that his daughter would not suffer exceptional and extremely unusual hardship if Salazar were removed to Mexico. Salazar appealed to the BIA, which affirmed the IJ's findings. The BIA found that any financial hardship would be mitigated by the fact that the child's mother and other relatives could care for her in the U.S., at least while Salazar established himself in Mexico. The BIA also agreed with the IJ's finding that "respondent is young and able-bodied, with no indication that he could not find work" in Mexico. Mexico's poor economic conditions and increased crime do not "establish exceptional and extremely unusual hardship." The BIA also pointed out that, although Salazar fears for his daughter's health, the IJ "properly found no evidence of any unusual medical circumstances for her." Salazar timely petitioned for review from this court.

## STANDARD OF REVIEW

The court typically reviews the BIA's final decision, but reviews decisions of both the BIA and the IJ when the IJ's findings play into the BIA decision. *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016). Legal conclusions are reviewed *de novo* and factual findings are reviewed for substantial evidence. *Id.* The burden is on Salazar to establish his eligibility for cancellation of removal. *Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019), *as revised* (Apr. 26, 2019).

No. 20-60222

## DISCUSSION[2]

Salazar does not challenge the BIA's fact finding.[3]  Rather, he disagrees that the evidence he provided was not legally sufficient to establish "exceptional and extremely unusual hardship."  He claims that "conditions in Mexico are materially less stable and economically prosperous, substantially more violent, and increasingly dangerous," and thus his daughter would suffer if she were forced to move to Mexico with him.  But the hardships that Salazar identifies are anything but "exceptional" or "extremely unusual."  On the contrary, they are common to anyone being removed to Mexico in the present day.  We agree with the BIA's findings and legal conclusions, and thus hold that the BIA did not err in determining that Salazar is ineligible for cancellation of removal.

To be eligible for cancellation of removal, "an alien must demonstrate a 'truly exceptional' situation in which a qualifying relative would suffer consequences 'substantially beyond the ordinary hardship that would be expected when a close family member leaves this country.'"  *Trejo v. Garland*, 3 F.4th 760, 775 (5th Cir. 2021).  Increased crime and less stable economic conditions await anyone who is removed to Mexico, and Salazar does not identify any personal conditions that exacerbate these realities as applied to his daughter.  *See Matter of Andazola*, 23 I&N Dec. 319, 323 (BIA 2002) ("We do not dispute the fact that economic conditions in Mexico are worse than those in this country.  However, it has long been settled that

---

[2] It is the law of this circuit that federal courts have jurisdiction to review hardship determinations.  *Trejo v. Garland*, 3 F.4th 760, 772–73 (5th Cir. 2021).

[3] Salazar purports to argue that "the BIA erred as a matter of fact" by not heeding to the evidence he submitted of the specific dangers in Mexico.  But the BIA did not disagree with Salazar's characterization of the dangers in Mexico.  It concluded instead that such dangers were legally insufficient to constitute an "exceptional and extremely unusual hardship."

economic detriment alone is insufficient to support even a finding of extreme hardship."). The court sympathizes with the inconvenience that removal may cause Salazar's family, but this measure of inconvenience does not render him eligible for cancellation of removal.

Salazar suggests that his situation is similar to the hardship identified in *In Re Gonzalez Recinas*, 23 I&N Dec. 467 (BIA 2002). On the contrary, there is very little similarity between Salazar's situation and that of the alien in *Recinas*. In *Recinas*, the alien was a single mother to six children, was the sole financial provider and caregiver, had scarce financial resources, and no family to help her in Mexico. *Id.* at 469–70. Here, Salazar has a wife who cares for their daughter full-time, and other family members in the United States are available to care for his daughter while he transitions to Mexico. We further agree with the BIA that Salazar is a young, able-bodied man who is capable of providing for his daughter in Mexico just as well as anyone could. He has not provided evidence of any particularized medical condition or exceptional need to maintain access to the United States medical system. While Salazar's desire for what is best for his daughter is common to all good fathers, his fears do not rise to the level of a "truly exceptional" hardship. *Trejo*, 3 F.4th at 775. The BIA's determination that Salazar is ineligible for cancellation of removal was sound.

## CONCLUSION

For the foregoing reasons, we DENY the petition for review.