# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 18, 2022

Lyle W. Cayce
Clerk

No. 21-60098

Gloria Elizabett Bonilla-Portillo,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205-910-557

Before Davis, Jones, and Elrod, *Circuit Judges*.
Per Curiam:*

Gloria Elizabett Bonilla-Portillo, a 37-year-old native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' ("BIA") determination that she is ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1) and requests that this court vacate and remand the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60098

case for further BIA proceedings.  We find no error of law in the BIA's legal conclusions, and thus DENY the petition for review.[1]

Bonilla-Portillo argues that the BIA committed legal error and abused its discretion by affirming the Immigration Judge's ("IJ") decision finding that she had failed to establish eligibility for cancellation of removal on the basis that she did not establish the requisite level of hardship to her U.S. citizen daughters.  She has four daughters, ages eleven, five, three, and one month, and her daughters would move with her to El Salvador upon her removal.  She acknowledges that she and her husband have significant assets and resources that would help her family relocate and buy property in El Salvador.  Nevertheless, she asserts that life would be very different for her daughters in El Salvador because of the gang activity and economic instability.

This court typically reviews the BIA's final decision, but reviews decisions of both the BIA and the IJ when the IJ's findings affect the BIA's decision.  *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016).  Legal conclusions are reviewed *de novo* and factual findings are reviewed for substantial evidence.  *Id.*  The burden is on Bonilla-Portillo to establish her eligibility for cancellation of removal.  *Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019), *as revised* (Apr. 26, 2019).

To be eligible for cancellation of removal, "an alien must demonstrate a 'truly exceptional' situation in which a qualifying relative would suffer consequences 'substantially beyond the ordinary hardship that would be expected when a close family member leaves this country.'"  *Trejo v. Garland*, 3 F.4th 760, 775 (5th Cir. 2021).  Bonilla-Portillo's reservations

---

[1] In this circuit, federal courts have jurisdiction to review hardship determinations. *Trejo v. Garland*, 3 F.4th 760, 772–73 (5th Cir. 2021).

about the crime and economic situation in El Salvador fall significantly short. Rather, such shortcomings "await anyone who is removed to" El Salvador, and Bonilla-Portillo "does not identify any personal conditions that exacerbate these realities as applied to [her] daughter[s]." *Salazar v. Garland*, No. 20-60222, 2022 WL 68965, at *2 (5th Cir. Jan. 6, 2022); *see also Matter of Andazola*, 23 I&N Dec. 319, 323 (BIA 2002). To find otherwise would mean that any concerned parent being removed to El Salvador would automatically satisfy the requisite hardship by virtue of the country being less safe and prosperous. That is plainly not sufficient. Thus, the BIA did not err.

For the foregoing reasons, we DENY the petition for review.