# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60452
Summary Calendar

————————

Luis Manuel Acosta Marquez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 287 400

————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Luis Manuel Acosta Marquez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals's (BIA) dismissal of his appeal from the immigration judge's (IJ) denial of his application for withholding of removal. His claim is based on membership in the proposed

————————————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

particular social group (PSG) of Salvadoran men who have lived in the United States for an extended period of time and fear returning to El Salvador.

When the BIA affirms the IJ without opinion, as it did here, we review the IJ's decision. *Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). Findings of fact, including the denial of withholding of removal, are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, we may not reverse a factual finding unless the evidence "*compels*" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* Conclusions of law are reviewed de novo. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Whether we have jurisdiction to consider an issue is also reviewed de novo. *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021).

The past harm Acosta Marquez experienced was economic extortion, which is not recognized in this court as persecution. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014). As for the nexus element for future persecution, Acosta Marquez's arguments on review defeat his own claim; instead of arguing that he would be targeted because of his PSG (the cognizability of which we need not reach here), he argues that gang members will harm him because of a personal vendetta and because they personally know him, which is not persecution on behalf of a protected ground. *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004) (upholding denial of asylum where the applicant only demonstrated "purely personal" motives). Therefore, the record does not compel the conclusion that Acosta Marquez

No. 22-60452

established past or future persecution due to membership in his proposed PSG. *See Chen*, 470 F.3d at 1134.[1]

Additionally, Acosta Marquez argues on review that the IJ and BIA erred in failing to analyze his CAT claim thus requiring remand for analysis in the first instance. Setting aside the fact that the record lacks any evidence that he actually pursued a CAT claim before the IJ, Acosta Marquez failed to raise before the BIA his argument that the IJ failed to adjudicate his CAT claim. Thus, Acosta Marquez has failed to administratively exhaust this issue thereby depriving us of jurisdiction to review it. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020); *Monteon-Camargo v. Barr*, 918 F.3d 423, 429 (5th Cir. 2019).

Accordingly, Acosta Marquez's petition for review is DENIED in part and DISMISSED in part.

---

[1] The Petitioner's brief mentions an alleged request for asylum several times, but asylum was not Petitioner's claim before the IJ, therefore asylum is not before us.