# United States Court of Appeals for the Fifth Circuit

———————

No. 22-60522
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2024

Lyle W. Cayce
Clerk

Ruth Nohemi Rodriguez-Velasquez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 542 220

———————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Ruth Nohemi Rodriguez-Velasquez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) upholding the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT); and ordering her removed.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60522

Our court reviews the BIA's decision, considering the decision of the immigration judge only to the extent it influenced the BIA. *E.g.*, *Singh v. Barr*, 920 F.3d 255, 258–59 (5th Cir. 2019). The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, reversal is improper unless the evidence compels a contrary conclusion. *Id.* "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

Regarding Rodriguez' humanitarian-asylum contention, she failed to exhaust this claim in the BIA. *See Monteon-Camargo v. Barr*, 918 F.3d 423, 429 (5th Cir. 2019) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA." (citation omitted)). Because the Government raises exhaustion, our court will enforce this claim-processing rule and decline to consider this issue. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023) (declining to review unexhausted issue).

Additionally, Rodriguez' contentions for asylum and withholding of removal fail because she has not shown the evidence compels the conclusion, contrary to the agency's, that the perpetrator was a private actor whom the government of El Salvador was unable or unwilling to control. *See Sanchez-Amador v. Garland*, 30 F.4th 529, 533–35 (5th Cir. 2022) (denying petition because "[s]ubstantial evidence supports the BIA's finding that [petitioner] did not establish that the government is unable or unwilling to control the alleged persecutors"); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) ("If an applicant does not carry his burden for asylum, he will not qualify for withholding of removal." (citation omitted)). Because this is dispositive of her asylum and withholding claims, we need not consider her remaining contentions concerning those forms of relief. *See INS v.*

2

No. 22-60522

*Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, regarding her CAT claim, Rodriguez likewise fails to show the evidence compels a conclusion contrary to the BIA's that she failed to satisfy the state-action requirement. *E.g.*, *Tabora Gutierrez v. Garland*, 12 F.4th 496, 504–05 (5th Cir. 2021) (denying petition for CAT relief); *Martinez-Lopez v. Barr*, 943 F.3d 766, 772–73 (5th Cir. 2019) (same).

DENIED.