# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2022

Lyle W. Cayce
Clerk

No. 21-60670

Herly Pierre Ulysse,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A300-317-730

Before Higginbotham, Haynes, and Wilson, *Circuit Judges*.
Per Curiam:*

Herly Pierre Ulysse, a native and citizen of Canada, petitions for review of a Board of Immigration Appeals's (BIA) decision reversing an immigration judge's (IJ) grant of his application for cancellation of removal under § 240(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a). Ulysse contends that (1) the Government failed to prove by clear and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

convincing evidence that Ulysse was removable pursuant to 8 C.F.R. § 1003.1(d)(3), and (2) the BIA erroneously reviewed the IJ's factual findings de novo and improperly engaged in its own factfinding. Because Ulysse's arguments are unexhausted, we lack jurisdiction to address their merits. Accordingly, we dismiss the petition.

## I.

Ulysse was admitted to the United States on June 19, 2007, under our country's visa waiver program. On January 14, 2011, Ulysse adjusted his status to lawful permanent resident under § 245 of the Immigration and Nationality Act. Between 2016 and 2020, Ulysse amassed an extensive criminal record that includes two convictions of possessing less than 20 grams of cannabis in violation of FLA. STAT. § 893.13(6)(b); two convictions of using or possessing drug paraphernalia in violation of FLA. STAT. § 893.147(1); one conviction of tampering or fabricating physical evidence in violation of FLA. STAT. § 918.13; one conviction of battery in violation of FLA. STAT. § 784.03; and one conviction of possessing device-making equipment with intent to defraud in violation of 18 U.S.C. § 1029(a)(4).[1]

While Ulysse was in prison in Louisiana for his § 1029(a)(4) conviction, the Department of Homeland Security served him with a Notice to Appear (NTA) in immigration court. The NTA charged Ulysse as removable under 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien who was convicted of two crimes involving moral turpitude; § 1227(a)(2)(B)(i), as an alien who

---

[1] The statute defines "device-making equipment" as "any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device." 18 U.S.C. § 1029(e)(6). The factual basis for Ulysse's guilty plea states that police officers found nine counterfeit credit cards and a credit card skimmer in Ulysse's bedroom during a drug raid at his sister's house, where Ulysse was residing at the time.

was convicted of a violation of a law relating to a controlled substance; and § 1227(a)(2)(B)(ii), as an alien who is a drug abuser or addict.

Ulysse appeared pro se in immigration court and did not dispute the NTA or his seven convictions. Accordingly, the IJ sustained his removability charges under §§ 1227(a)(2)(A)(ii) and 1227(a)(2)(B)(i).[2] Ulysse then applied for cancellation of removal. During the hearing on his application, Ulysse elicited favorable testimony from his girlfriend and his correctional counselor. Despite Ulysse's "very troubling" criminal activity, the IJ determined that Ulysse was credible and that his positive "equities" outweighed the negative. The IJ granted his application.

The Government appealed to the BIA, contending that the IJ's finding that Ulysse was credible was clearly erroneous and that the IJ erred by granting Ulysse's application for cancellation of removal. Now represented by counsel, Ulysse filed a brief in opposition, asserting no error. The BIA agreed with the IJ's assessment that Ulysse was credible. But it held that the IJ erred in granting Ulysse cancellation of removal because "when [Ulysse's] equities, including his efforts at rehabilitation, are balanced against the adverse factor of his criminal history, . . . he does not warrant a favorable exercise of discretion." Ulysse now petitions for review of the BIA's determination.

## II.

We review "the BIA's legal conclusions de novo," considering "only the BIA's decision, 'unless the IJ's decision has some impact on the BIA's decision.'" *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012)

---

[2] The IJ did not mention Ulysse's removability under § 1227(a)(2)(B)(ii), and the Government did not raise the issue before the BIA. We therefore do not address it further here.

No. 21-60670

(quoting *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009)). We "may review a final order of removal only if," *inter alia*, a petitioner "has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA." *Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018) (quoting *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001)) (alteration omitted). "Th[e] exhaustion requirement is 'mandatory and jurisdictional.'" *Monteon-Camargo v. Barr*, 918 F.3d 423, 429 (5th Cir. 2019) (quoting *Omari v. Holder*, 562 F.3d 314, 324 (5th Cir. 2009)).

### III.

Ulysse contends that the Government did not prove by clear and convincing evidence that Ulysse was removable under § 1227(a)(2)(B)(i) because his Florida convictions for possession of cannabis are not a removable offense under § 1227(a)(2)(B)(i). Ulysse specifically asserts that Florida's definition of "cannabis" is broader than the federal definition of "marihuana," and thus his convictions do not categorically "relat[e] to" a banned substance under the Controlled Substances Act, 8 U.S.C. § 802, *et seq.* The Government counters that we lack jurisdiction to consider this issue because it is unexhausted,[3] and we agree.

In a one-sentence footnote devoid of analysis, Ulysse asserted before the BIA that his Florida conviction in violation of Fla. Stat. § 893.13(6)(b) is insufficient to sustain a charge of removability. Ulysse now attempts to expound on that statement, spilling substantial ink in his appellate brief to contend that his § 893.13(6)(b) conviction does not "relat[e] to" a controlled

---

[3] Ulysse did not file a reply brief, and thus did not respond to the Government's argument that the issue is unexhausted.

substance as defined by 21 U.S.C. § 802(6). But he never offered this analysis before the BIA, and thus the BIA did not address the issue in its decision. As the BIA did not "deem[] [the] issue sufficiently presented to consider it on the merits," the exhaustion requirement has not been satisfied. *Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010) (quoting *Sidabutar v. Gonzales*, 503 F.3d 1116, 1119 (10th Cir. 2007)). Because the issue is unexhausted, we lack jurisdiction to consider it further. *See* § 1252(d)(1).[4]

Next, Ulysse contends that in reversing the IJ's discretionary grant of cancellation of removal, the BIA erroneously reviewed the IJ's findings of fact de novo, and improperly engaged in its own factfinding, relying in part on facts extraneous to the record. However, "certain allegations of BIA error must first be brought to the BIA in a motion for reconsideration." *Omari*, 562 F.3d at 319–20. Ulysse's alleged errors fall within this requirement. *Id.* at 320 (citing *Sidabutar*, 503 F.3d at 1122); *Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020). Because Ulysse did not raise these issues before the BIA via a motion for reconsideration, they are unexhausted, *see Omari*, 562 F.3d at 320, and we lack jurisdiction to consider them further, *see* § 1252(d)(1).[5]

---

[4] Even if we had jurisdiction and agreed with Ulysse that he is not removable under § 1227(a)(2)(B)(i), he is nevertheless removable under § 1227(a)(2)(A)(ii), as an alien who was convicted of two crimes involving moral turpitude. On appeal, Ulysse challenges only his removability based on his controlled substance violations. He does not contest removability under § 1227(a)(2)(A)(ii). Thus, Ulysse ultimately would not prevail even if we had jurisdiction.

[5] Insofar as Ulysse asks us to review the BIA's rebalancing of "the adverse [equities] evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented [on] his . . . behalf" in weighing his request for cancellation of removal, *In re C-V-T*, 22 I&N Dec. 7, 11 (BIA 1998), we likewise lack jurisdiction to do so. "[A]fter the adjudicator has determined that the alien may be legally considered for cancellation of removal . . . the adjudicator's discretion enter[s] the picture . . . . [This] decision . . . is shielded from judicial review by § 1252(a)(2)(B)(i) . . . ." *Trejo v. Garland*, 3 F.4th 760, 773 (5th Cir. 2021).

No. 21-60670

## IV.

Ulysse's argument that his Florida conviction in violation of § 893.13(6)(b) is insufficient to sustain a charge of removability is unexhausted because he failed sufficiently to raise the issue before the BIA. Similarly, Ulysse's contentions that the BIA improperly reviewed the IJ's findings of fact de novo and engaged in impermissible factfinding are unexhausted because he failed to raise those alleged errors first in a motion for reconsideration before the BIA. We therefore lack jurisdiction to consider Ulysse's petition for review.

PETITION DISMISSED.